FALL RIVER FOUNDRY COMPANY *v.* SAMUEL B. DOTY.

*Dilatory Plea. Rule of Court. Infancy. Guardian ad litem.*

When an infant is sued the time prescribed by rule of court for filing dilatory pleas dates not from the commencement of the term of court at which the suit is entered, but from the appointment of a guardian *ad litem*, to defend the suit.

An infant is incapable of appearing for himself and defending his suit in court, or of appointing an attorney to appear and defend for him; and if he do so without the appointment of a guardian *ad litem*, and judgment be rendered against him, he has his remedy to vacate or reverse the judgment, whether the plaintiff knew of the infancy of the defendant or not at the time the judgment was rendered.

ASSUMPSIT, brought before a justice and made returnable before him in the town of Morristown. On the return day of the writ in this suit before the justice, the defendant pleaded in abatement, that, at the time the plaintiff prayed out his writ in said suit and at the time the suit was commenced, the plaintiff resided in Fall River, in the county of Bristol, and state of Massachusetts; that the defendant then resided in Elmore, in the county of La- moille; that neither party resided in Morristown, and that the suit should have been brought and made returnable in said town of Elmore where the defendant resided. It was not claimed by the plaintiff's counsel nor did it appear that the cause of action in said suit gave the plaintiff any right to bring said suit and make it returnable before a justice in said town of Morristown. The justice rendered judgment that said suit abate; from which judgment the plaintiff appealed. The suit was entered in this court at the May term, 1868, and at that term and after the time provided by a rule of said court for filing pleas in abatement had expired, the defendant's counsel suggested that the defendant was a minor under the age of twenty-one years, and that a guardian, *ad litem*, should be appointed to defend this suit—of which the plaintiff's counsel had notice and did not object to such appoint- ment. The court appointed Lewis Doty guardian as aforesaid, and within two days after the appointment of said guardian, and during said term, the defendant, by his said guardian and counsel, renewed said plea by filing a new plea in abatement for the same cause of abatement pleaded before said justice, claiming that the rule of court as to the time of filing pleas in abatement was not applicable to this case, and that the time within which such plea should be filed in this case commenced at the time said guardian was appointed. The action was continued, subject to said plea in abatement, to the December term, 1868, when the plaintiff's coun- sel filed a motion to dismiss said plea in abatement, on the ground that it was not filed within the rule of said court. The action was continued to the May term of said court, 1869, subject to said plea in abatement and motion. The court, WILSON, J., presiding, at said last mentioned term, *pro forma* overruled said motion and

rendered judgment that the suit abate ; to which the plaintiff excepted.

Rule eight of the Lamoille county court is as follows : " All dilatory pleas shall be filed on or before the third day of the term at which the action is entered."

*C. J. Lewis*, for the plaintiffs.

*Powers & Gleed*, for the defendant.

The opinion of the court was delivered by

PECK, J.   It is not claimed on the part of the plaintiffs but that sufficient is stated in the record of the justice to show that the same matter was in substance pleaded before the justice which was pleaded in the county court, so as to entitle the defendant to plead it in abatement in the county court.   But as no formal plea is set forth in the justice record, it was necessary for the plaintiff to renew his plea in the county court.   The plaintiffs' counsel is also right in the position that the appeal opened the question anew in the county court, to be tried on a traverse of the plea or on demurrer, or by way of replication, according as the plaintiff should elect to meet the plea.   When the plaintiffs' motion to dismiss the plea, for the alleged reason that the plea was not filed in season, was overruled, it was competent for the court to have allowed the plaintiffs to answer the plea by traverse, demurrer, or in such manner as the plaintiffs should judge best. But it does not appear that any such leave was asked or denied, and we cannot presume it.   The presumption is that the plaintiffs' counsel, on their motion being overruled, consented to let the plea stand and be determined on its merits.   No objection is now made to the sufficiency of the plea.   The judgment that the suit abate must be regarded as regular, if the plea was properly in the case.

The question is whether it was competent for the county court to receive the plea at the time it was pleaded.   It appears from the case that the rule of the county court for this county is, that " all dilatory pleas shall be filed on or before the third day of the term at which the action is entered."   Under a literal construc-

tion of the rule, the plea was not filed on or before the third day of the term; but it was filed on or before the third day after the suggestion to the court that the defendant was an infant, and the appointment of a guardian *ad litem*. The plaintiffs' counsel had notice of this suggestion of the defendant's counsel, and the appointment by the court of the guardian *ad litem*, and made no objection. It is urged on the part of the plaintiffs that it does not appear that the defendant was an infant; that it was on suggestion of the defendant's counsel merely that the guardian *ad litem* was appointed. But the county court must act upon what had been done as having been correctly done, unless the plaintiffs avoided it in some form, either by application to the court to vacate the appointment of the guardian *ad litem* on the ground it had been made on a false suggestion, or by presenting in some way an issue upon the question as to the minority of the defendant. Nothing of this kind being done, the county court, in determining whether the plea was filed in season, could act only on the assumption that the defendant was an infant, and the proceeding appointing the guardian regular.

The real question then comes to this, whether when an infant is sued, the time prescribed by rule of court, like the one in question for filing dilatory pleas, dates from the commencement of the term of court at which the suit is entered, or from the appointment of a guardian *ad litem* to defend the suit for the defendant. The rule must be construed and applied in reference to the object of it. Its object is not to have a suit unnecessarily delayed by dilatory pleas, and at the same time to give the defendant three days in which to have opportunity to interpose such pleas. It is manifest that it would not in all cases be according to the spirit and reasonable interpretation of the rule, to hold that the time for filing such pleas expires on the third day of the term, without reference to the fact whether the defendant has had any legal opportunity to file such plea within the three days. If the plaintiffs, who are the appellants in this case, had not entered the action in court on the first or not till after the third day of the term, the defendant could not by the plaintiffs' delay have his right to file such plea abridged or denied. Where a writ is so served that a legal judg-

ment cannot be taken till notice to the defendant, either actual or constructive by publication, is proved, and the defendant appears seasonably after such notice, his three days would not run against him before he had notice or was bound to appear; even if the case had been previously continued for notice. An infant is incapable of appearing for himself and defending his suit in court, or of appointing an attorney to appear and defend for him; and if he do so without the appointment of a guardian *ad litem*, and judgment be rendered against him, he has his remedy to vacate or reverse the judgment, whether the plaintiff knew of the infancy of the defendant or not, at the time the judgment was rendered. In such case the plaintiff proceeds at his peril in this respect. If a plaintiff sues an infant it is his duty to see to it that a guardian *ad litem* is appointed. It is true the plaintiff may not always know whether the defendant is an infant; but on the other hand one not legally competent to defend or to employ another to defend for him, ought not to be bound by a judgment obtained against him without a guardian *ad litem* appointed by the court to defend in his behalf. The reason applies with no less force against allowing the time prescribed for pleading to run against an infant to the exclusion of any defense he may have, till some one is appointed to act for him legally competent to interpose a plea in his defense. The suit, literally speaking, may be said to have been "*entered in court*" more than three days before the plea was filed, but not so for the purposes of the time for pleading. The defendant cannot be barred of his right to plead till he has been guilty of some neglect in the matter. No neglect in this respect can be imputed to him till some one was appointed whom the law would recognize as competent to plead in his behalf. The guardian *ad litem* was the only one thus competent: and he pleaded within the three days after his appointment. This was within the spirit of the rule, and in season to entitle the defendant to the benefit of the defense interposed. The construction and application of the rule contended for on the part of the plaintiffs would be unreasonable and unjust.

The judgment of the county court is affirmed.