## Elizabeth Becker v. Floyd Mason.

*Seduction—Inducement—Infancy of defendant.*

1. In a civil suit for seduction under promise of marriage, the infancy of the defendant cannot be set up as a defense.
2. Where the plaintiff is shown to have resisted the persuasions of the defendant for nearly three months, and finally to have yielded upon his promise to marry her, it cannot be said, as a matter of law, that it was a case of mere barter and sale, or of intercourse from mutual desire; citing *People v. Millspaugh*, 11 Mich. 278.

Error to Lenawee. (Lane, J.) Submitted on briefs October 13, 1892. Decided October 27, 1892.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Watts, Bean & Smith*, for appellant.

*J. C. Winne*, for plaintiff.

GRANT, J.   This is an action on the case for seduction. Verdict and judgment were for the plaintiff.   Two defenses are set up:

1. That the evidence does not make out a case of seduction, but that plaintiff was induced to yield to defendant's desires by the blunt offer of wedlock *in futuro* in exchange for sexual favors *in præsenti*.

2. That the defendant was at the time an infant, and therefore cannot be held liable on the ground of his broken promise to marry.

1. Plaintiff was a German girl, about 23 years old at the time of the alleged seduction, and had been in this country about 4 years.   The defendant's father was a farmer.   Plaintiff went to work in his family as a domestic in April, 1889, where she remained until March 6, 1890. The only witnesses were the plaintiff and the defendant. Plaintiff testified that the defendant was kind and good to her; that he treated her all right; that he kissed her, and put his arms around her; that in June he commenced his solicitations for sexual intercourse; that she resisted all his advances until September 9, when she yielded upon his promise to marry her; that the intercourse took place in the house, during the absence of his father and mother; that she did not yield for nearly half an hour; and that she believed him when he promised to marry her, and yielded in consequence of that promise.   The defendant was then 19 years of age, and there is no evidence, from any other source than his own testimony, tending to show any previous unchaste conduct on her part.   Only two acts of sexual intercourse took place between them.   A child was the result of this intercourse.

We do not think it can be said, as a matter of law, that this was a case of mere barter and sale, or of intercourse from mutual desire.   It is a significant fact that she resisted his persuasions for nearly three months, accord-

93 MICH.—22.

ing to her testimony, the truth of which it was the province of the jury to determine. We think this case is expressly ruled by *People v. Millspaugh*, 11 Mich. 278, which in its facts appears to be nearly the counterpart of the present case. This case is cited with approval in *People v. De Fore*, 64 Mich. 699. See, also, *People v. Gould*, 70 Id. 245; *Boyce v. People*, 55 N. Y. 644; *Kenyon v. People*, 26 Id. 203. The case was properly submitted to the jury.

2. This is not an action for a breach of contract of marriage. It is an action of tort, by which the promise was made the means to accomplish the wrong. Infancy cannot be set up as a defense in such a case

The judgment is affirmed.

The other Justices concurred.