GEORGE WISE, Appellant, v. ADELINE SCHLOESSER, Appellee.

**Vacation of Judgment:** MINORS: *Breach of promise.* Code, section 3482, provides that no judgment can be rendered against a minor, unless defended by his regular guardian, or one appointed by the court. *Held,* that a judgment for breach of marriage promise rendered against a minor, without a defense by a guardian, was erroneous.

SAME:  *Judgment in action for seduction.*  Where, in proceedings to vacate a judgment against a minor for breach of promise and seduction, not defended by a guardian, it was admitted that he had a meritorious defense to the seduction and the judgment was vacated as to the breach of promise, it was error to sustain that portion of the judgment which was founded upon the alleged seduction, though an action for seduction will lie against an infant without defense by guardian.

"ERROR APPEARING IN THE RECORD" DEFINED.  Under Code, section 4091, providing that the district court may vacate a judgment against a minor, for erroneous proceedings, unless the error appears on the record, if application is made therefor within a year after the minor attains his majority, a minor is not precluded from maintaining such a proceeding, commenced within the year, by the fact that he testified in the former case that he was not 21 years old; as this was not part of the record, in the sense of this statute.

Evidence of Flight: SEDUCTION AND BREACH OF PROMISE.  At the time when the defendant is said to have left the county no such suit had been begun or threatened and defendant returned as soon as he learned of the suit.  *Held,*

  a.  Whatever the rule may be in actions for seduction such evidence is not admissible when the gist of the action is breach of promise or contract.

  b.  Without deciding whether evidence of flight is admissible in a civil case, it should not have been received here.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

THURSDAY, APRIL 12, 1900.

DEFENDANT procured a judgment against plaintiff for breach of promise and seduction.  This is an application to reverse, set aside, and vacate that judgment on the ground that when it was rendered plaintiff was a minor, and was not defended by guardian.  Plaintiff also alleges that he has a good defense to the action in which the judgment was rendered, and that various errors were committed by the court in the trial of that action.  The trial court set aside the original judgment in so far as it was

based on the alleged breach of promise, but allowed it to stand in so far as it was based on the alleged seduction, and plaintiff appeals.—*Reversed.*

*Shortley & Harpel* and *Edmund Nichols* for appellant.

*White & Clarke* for appellee.

DEEMER, J.—At the time the original judgment was rendered against plaintiff, he was a minor. No guardian appeared to defend nor was a guardian *ad litem* appointed for him. Within a year from the time judgment was rendered, and within a year after plaintiff arrived at the age of majority, he commenced this action, based on the grounds— *First,* that the judgment was and is erroneous because no guardian was appointed to defend; and, *second,* because of errors occurring during the trial of the main case. For the purpose of the case, it is agreed that plaintiff is able to show a meritorious defense to defendant's cause of action, if a new trial be awarded; and it is also agreed that, on the trial of the main case, plaintiff testified that he was not then twenty-one years of age. Code, section 3482, provides that the defense of a minor must be by his regular guardian, or by one appointed to defend him, where no regular guardian appears, or where the court directs a defense by one appointed for that purpose. "No judgment can be rendered against a minor, until after a defense by the guardian." Section 4091 of the Code also provides that: "Where a final judgment or order has been rendered or made, the district court * * * may after the term at which the same was rendered or made, vacate or modify the same or grant a new trial. * * * (3) for erroneous proceedings against a minor * * * when such errors * * * do not appear in the record; or * * * (6) for errors in the judgment or order shown by a minor within 12 months after arriving at majority." Plaintiff's application was timely, and the first question that arises is, is he

entitled to a new trial because no guardian appeared or was appointed to defend? The first section of the Code, heretofore quoted, expressly provides that defense for an infant must be by guardian, and that no judgment can be rendered against him until after such defense. A judgment against an infant without defense by a guardian is clearly erroneous. *Drake v. Hanshaw,* 47 Iowa, 291; *Myers v. Davis,* 47 Iowa, 325; *Bickel v. Erskine,* 43 Iowa, 213; *Hoover v. Plow Co.,* 55 Iowa, 668; *Dohms v. Mann,* 76 Iowa, 723.

Plaintiff's testimony in the main action that he was a minor does not make that fact of record. Evidence adduced on trial is not the record referred to in section 4091 of the Code. As the proceedings against plaintiff were erroneous, he was entitled to a new trial. *Dohms v. Mann, supra; Foundry Co. v. Doty,* 42 Vt. 412; *Johnson v. Waterhouse,* 152 Mass. 585 (26 N. E. Rep. 234, 11 L. R. A. 440); *Wickersham v. Timmons,* 49 Iowa, 267; *Webster v. Page,* 54 Iowa, 461; and *Bickel v. Erskine,* 43 Iowa, 213, are not in point, for in each case there was a defense by guardian before the judgment was rendered. Although we have no means of knowing the court's view of the matter, it seems that it must have held that a judgment against a minor for breach of promise could not be sustained, but that an infant is liable for seduction, and therefore there was no error in rendering judgment against him, although no guardian had been appointed. That a minor cannot be held liable for breach of promise seems to be well settled, and it is also clear that he may be held for seduction. *Rush v. Wich,* 31 Ohio St. 521; *Hunt v. Peake,* 5 Cow. 475; *Becker v. Mason,* 93 Mich. 336 (53 N. W. Rep. 361); *Fry v. Leslie,* 87 Va. 269 (12 S. E. Rep. 671); *Reish v. Thompson,* 55 Ind. 34. But the error in the court's ruling is due to the fact that it is conceded that plaintiff has a meritorious defense to the alleged seduction.

II. On the trial of the main action, defendant was permitted to offer evidence tending to show flight of the plaintiff

after he was accused of the wrong. Claim is made that evi-- dence of flight is not admissible in a civil case, and that, if admissible, the evidence offered in this case was too remote from the principal transaction. At the time defendant in that case (plaintiff in this) is said to have left the country, no suit had been commenced against him, nor had any threat been made that action would be brought against him either for breach of promise or for seduction. Whatever may be the rule regarding the admission of such evidence in actions for seduction, we are of opinion that such evidence is inadmissible when the gist of the action is breach of promise or contract. Moreover, the evidence shows that as soon as plaintiff learned of the commencement of the main suit he returned to the county of his residence, and appeared at the trial. We are not holding that evidence of flight is admissible in a civil case. On that point we express no opinion. But, if it is, we do not think the evidence in this case relating to plaintiff's conduct should have been received. *Hopkins v. Mathias,* 66 Iowa, 333, while not deciding the point, sustains our conclusions. We are of opinion that a new trial should have been granted on both grounds, and the judgment is REVERSED.