Argued June 19; reversed July 28, 1931

## SMITH v. LAFLAR
(2 P. (2d) 18)

*E. L. McDougal,* of Portland (Robin D. Day, of Salem, on the brief), for appellant.

*Guy O. Smith,* of Salem (P. H. D'Arcy, of Salem, on the brief), for respondent.

RAND, J. Plaintiff owns certain real property in Salem which he was desirous of selling or exchanging for other property. He applied to defendant, a real

estate broker of Salem, who informed him that he had a client who owned property in Harrisburg and who might make an exchange of the properties, and it was then arranged that plaintiff and defendant would go to Harrisburg to examine the property owned by defendant's client; later, it was decided that they should go together and use defendant's automobile for that purpose. While on the trip an accident happened and plaintiff sustained personal injuries for which he is now seeking to recover from defendant in this action.

There is no allegation in the complaint that defendant at the time of the accident intentionally caused said accident to happen, or that the accident was caused by the gross negligence or intoxication of defendant, or through his reckless disregard of the rights of others. The only allegation is that the defendant was negligent and such negligence caused the injury. Section 55-1209, Oregon Code 1930, provides:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others."

■■ This statute makes payment, or the creation of an obligation to pay, for the transportation furnished the test of liability except in cases of gross negligence, intentional injury, the intoxication of the driver, or his reckless disregard of the rights of others. Payment is the transfer of money or property or some other thing of value in discharge of an existing obligation. Ordinarily it means the discharge in money of a

232

sum due. And the test of whether there was any sum due for the transportation being furnished plaintiff by defendant at the time of the accident is whether the defendant could have recovered in an action at law for the reasonable or agreed value of the transportation furnished. The exemption from liability for an injury resulting to a guest while being transported in an automobile by its owner is a part of the substantive law of this state and a person injured while being so transported as a guest must prove that he comes within one of the exceptions named in the statute before he can recover for the injury, and the burden of proving that he was within the exception rests upon him and not upon the driver of the automobile.

 Upon the trial of the cause, plaintiff contended, and the same contention was made here, that at the time of the injury plaintiff and defendant were engaged in a joint adventure and that this fact took the case out of the statute. The statute makes no reference to joint adventures. Under its express provisions, whether the injured person was engaged in a joint adventure with the driver or was a full partner of the driver and acting within the scope of the partnership business at the time of the injury would make no difference unless he paid or was obligated to pay for his transportation. Plaintiff also contends that real estate agents customarily transport prospective purchasers to and from the property they propose to sell to such customer and that the commission they hope to derive from the sale constitutes payment within the meaning of the statute. But this is too remote. If it is true that such a custom prevails, such transportation is given without charge and only as a means of promoting the sale. No legal obligation to pay could arise therefrom. Again, custom must be pleaded and that was not done

in this case, and proof of custom is never admissible for the purpose of proving a contract. Under section 9-226, Oregon Code 1930, evidence may be given of ''usage, to explain the true character of an act, contract, or instrument, where such true character is not otherwise plain; but usage is never admissible except as a means of interpretation.''

Referring to the statutory provision just quoted, this court said in *Oregon Fisheries Co. v. Elmore Packing Co.*, 69 Or. 340 (138 P. 862):

'' * * * It thus appears that custom is to be used in evidence only as a means of interpretation of a contract, and not for the purpose of proving the agreement itself. The consequence is that if nothing but custom be shown, there is no proof of a contract arising between the two parties: *Holmes v. Whitaker,* 23 Or. 319 (31 P. 705); *Savage v. Salem Mills Co.*, 48 Or. 1 (85 P. 69, 10 Ann. Cas. 1065); *Barnard v. Houser,* 68 Or. 240 (137 P. 227). The circuit court was in error in refusing to take from the jury the evidence of custom alluded to.''

From this it follows that the learned trial court erred in refusing to grant defendant's motion for a directed verdict. The judgment will, therefore, be reversed and the cause remanded with directions to dismiss the action.

BEAN, C. J., ROSSMAN and BROWN, JJ., concur.