Argued April 21; reversed and remanded May 11, 1948

## LUEBKE *v.* HAWTHORNE ET AL.

192 P. (2d) 990

*Leo Levenson* and *William J. Prendergast Jr.,* of Portland, argued the cause and filed a brief for appellant.

*Thomas H. Tongue III,* of Portland, argued the cause for respondents. With him on the brief were Edwin D. Hicks and W. M. Davis, of Portland.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY, BAILEY and BRAND, Justices.

**BELT, J.**

This is an action to recover damages for personal injuries sustained by plaintiff while riding in an automobile driven by defendant Hawthorne, a real estate salesman, employed by the defendant Fred F. Sexton, who is engaged in business at Portland, Oregon, under the trade name of Fred F. Sexton Company. Defendants moved for a judgment of involuntary nonsuit and for a directed verdict. These motions were denied, with the privilege, pursuant to § 6-707, O. C. L. A., as amended by Chapter 149, Oregon Laws 1945, of moving for a judgment notwithstanding the verdict, in the event a verdict was returned favorable to the plaintiff. The jury rendered a verdict for plaintiff in the sum of $7,000.00, general damages, and $619.00, special damages. The court on motion of the defendants set aside the verdict and entered judgment thereon in their favor. The plaintiff appeals, seeking to have the verdict reinstated.

The vital question is whether the plaintiff was a guest within the meaning of our "Guest" statute, § 115-1001, O. C. L. A. It is conceded that if plaintiff was a guest, she would not be entitled to recover as there is no evidence showing gross negligence. It is not contended that the accident was intentional or that it was caused by intoxication. Plaintiff asserts

that she was not a guest and that the evidence tending to show ordinary negligence is sufficient to support the verdict of the jury.

Section 115-1001, O. C. L. A., provides:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others."

■ This court, in construing the above section, is committed to the view that if the plaintiff at the time in question was conferring a substantial benefit on the owner or operator of the automobile, she was not a "guest" within the meaning of the statute. *Albrecht v. Safeway Stores, Inc.*, 159 Or. 331, 80 P. (2d) 62; *Smith v. Pacific Truck Express*, 164 Or. 318, 100 P. (2d) 474; *Melcher v. Adams*, 174 Or. 75, 146 P. (2d) 354. In the last case cited, it was also held that the benefit accruing to the owner or operator must be "tangible, direct and material." We adhere to such rule. We see no need again to review the authorities.

The facts out of which this action arose may thus be briefly stated. The accident occurred about 5:30 p. m. on November 17, 1945, at the intersection of East Grand avenue and East Couch street in the city of Portland. Plaintiff, together with her husband and parents, was riding in the automobile driven by Hawthorne. They were going to look at some real property in the city which the parents of plaintiff had considered purchasing and which Hawthorne, no doubt, hoped to sell to them.

On the day before the accident, Mrs. Holsclaw—

plaintiff's mother—and Hawthorne came to the home of the plaintiff to discuss the proposed purchase. Hawthorne was thus introduced to plaintiff: "Mr. Hawthorne, this is our daughter who is going to buy the property with us." Plaintiff testified as follows:

"Q. What property was she referring to at that time, do you know, Mrs. Luebke? .

A. Well, it was some property over on Southeast—she said it would be an investment because it could be used for housekeeping rooms and sleeping rooms.

Q. Had you and your parents any understanding about any investment?

A. Yes, they knew I was planning putting this money into it. That is the reason why they were getting it because my Mother said it was in a rundown condition and it would take quite a bit to fix it up.

Q. Did you and Mr. Hawthorne and your Mother have any discussion there that afternoon, Friday, the 16th, about this being an investment—income property?

A. *She told Mr. Hawthorne that I was going to buy the property with them.*

Q. What did Mr. Hawthorne say; did he say anything about the merits of the proposal?

A. Well, I think Mr. Hawthorne—I am sure Mr. Hawthorne said it would be a very good investment. In fact, I know he said it would be a very good investment.

Q. Did Mr. Hawthorne seem anxious to sell this piece of property?

A. Well, he asked when could I go to see it and I told him I was getting ready to go to work. He said, 'When can you see it?' I said we could go and see it on Saturday about five o'clock." (Italics ours.)

Hawthorne, at the request of the parents, called with his car at the home of the plaintiff on the follow-

ing day for the purpose of taking her and her parents to inspect the property. Plaintiff wanted to use her own automobile, but Hawthorne invited her to go in his car "as there was room enough for all." No doubt, Hawthorne appreciated the advantage of having all interested parties together to hear the "sales talk" en route to the property. Was Hawthorne inviting plaintiff to go as a matter of hospitality, or was it in furtherance of the business in which he was engaged? The answer is obvious.

■ Defendant Hawthorne admitted that the sole purpose in "going over there" was to effectuate a sale. Clearly it was a business transaction. Plaintiff was not going on this cold, rainy November day as a matter of sociability. It is a reasonable inference from the evidence that the consummation of the sale depended upon the approval of the plaintiff. Indeed, if the plaintiff's testimony is to be believed, it was necessary for her to render financial assistance to her parents in order for them to purchase the property. Plaintiff's approval of the property as an investment was, therefore, an important factor. We think it was a substantial benefit to the defendants to have plaintiff go with her parents to inspect the property. If Hawthorne won the approval of the plaintiff, there was a reasonable likelihood of his earning a commission on the sale. Why does not this evidence constitute a "tangible, direct and material benefit"? We conclude that plaintiff was not a guest within the meaning of the statute. Whether plaintiff was a guest was a question of fact for the consideration of the jury, in view of the testimony of Hawthorne denying that he had any knowledge of plaintiff's interest in the property.

In setting aside the verdict, the circuit court relied upon *Smith v. LaFlar*, 137 Or. 230, 2 P. (2d) 18. That

case clearly supports the contention of the defendants, but it must be deemed to have been impliedly overruled by the later authorities above cited. For the purpose of clarity, *Smith v. LaFlar,* supra, is hereby expressly overruled.

■Defendants have no cause to complain of the instructions relative to the issue as to whether plaintiff was a passenger or a guest. Defendants' requested instruction that plaintiff must have been a prospective purchaser herself in order to recover was properly denied. Even though plaintiff was not a prospective purchaser, if the motivating influence of defendants in transporting her was a substantial benefit to defendants, she was not a guest. *Mitchell v. Heaton,* 231 Iowa 269, 1 N. W. (2d) 284, 138 A. L. R. 832; *Wittrock v. Newcom,* 224 Iowa 925, 277 N. W. 286; *Kruzie v. Sanders,* 23 Cal. (2d) 237, 135 P. (2d) 710, 143 P. (2d) 704, 156 P. (2d) 486; *McCann v. Hoffman,* 9 Cal. (2d) 279, 62 P. (2d) 401, 70 P. (2d) 909. In the Wittrock case, it was held that a lady passenger in an automobile which was being demonstrated to a customer was not a guest where she was requested to ride because she was related to, and employed by, the prospective customer, and the salesman thought her presence would further his chances of making a sale. The court said this expectation on the part of the salesman was sufficient to constitute a definite and tangible benefit to him. *Mitchell v. Heaton,* supra, and *Wittrock v. Newcom,* supra, distinguish the earlier case of *Sproll v. Burkett Motor Company,* 223 Iowa 902, 274 N. W. 63 —relied upon by defendants—and it is shown to have no application to the factual situation involved herein.

The judgment is reversed and the cause remanded with directions to reinstate the verdict and to enter judgment thereon in favor of the plaintiff.