Argued January 8, appeal dismissed February 14, petition for
rehearing denied March 12, 1963

## MARTIN *v.* CITY OF ASHLAND ET AL

378 P. 2d 711

*Bernard P. Kelly* and *Robert H. Grant,* Medford,
argued the cause for appellant. On the briefs were
Kelly & Grant, Medford.

*Philip B. Lowry,* Medford, argued the cause for
respondents. On the brief were Frohnmayer, Lowry,
Hogan & Deatherage, Medford.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

PER CURIAM.

This is an action for damages for injuries alleged to have been inflicted by a city police officer upon the person of the plaintiff. The plaintiff appeals from a judgment entered in favor of all the named defendants except the police officer whose alleged misconduct is described in the complaint. The action continues as to him.

The other named defendants were removed from the case after the trial court sustained their demurrers to the complaint. These are the City of Ashland, a municipal corporation, the mayor, six members of the city council, and the chief of police.

In sustaining the demurrers, the trial court held that the City of Ashland was immune from liability for injuries resulting from the exercise of its police functions. The court further held that the mayor, councilmen, and police chief were likewise immune, not only from vicarious liability, *Antin v. Union High School Dist. No. 2.,* 130 Or 461, 472, 280 P 664, 66 ALR 1271 (1929), but from liability for their own negligence, if any, as well. Cf. *Colby v. City of Portland,* 85 Or 359, 166 P 537 (1917). The plaintiff challenges the correctness of each of the foregoing rulings, and asks us to reexamine in light of *Vendrell v. School District No. 26C et al,* 226 Or 263, 360 P2d 282 (1961), certain earlier decisions affirming the immunity of municipal corporations.

We do not reach the several questions presented in the plaintiff's briefs and argument, because the

judgment entered in the case at bar in favor of the named defendants is not an appealable judgment within the meaning of ORS 19.010. *Abrahamson v. Northwestern P. & P. Co.,* 141 Or 339, 348, 15 P2d 472, 17 P2d 1117 (1933).

◼ No motion was filed in this court to dismiss this appeal. However, as it appears that the judgment in the trial court was interlocutory, and affected some of the parties but not all of them, it was not a final judgment. This court is without jurisdiction to review the assignments of error. Under such circumstances, it is the duty of this court on its own motion to dismiss the appeal. *State v. Jairl,* 229 Or 533, 539, 368 P2d 323 (1962); *McEwen et ux v. McEwen et al,* 203 Or 460, 471, 280 P2d 402 (1955).

Appeal dismissed.