Argued March 8, appeal dismissed May 15, 1963

## COLLINS v. LANTZ ET AL
### 381 P. 2d 213

*Al J. Laue,* Salem, argued the cause for appellant. With him on the brief were Williams and Skopil, Salem.

*Allan G. Carson* and *Wallace P. Carson, Jr.,* Salem, argued the cause for respondent Lantz. On the brief were Carson, Carson & Carson, Salem.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PER CURIAM.

Plaintiff seeks to recover approximately $9,000 expended by him in repairing a steam tunnel which plaintiff alleges was damaged by the negligent conduct of

the defendants. Plaintiff appeals from a judgment based upon an order sustaining a demurrer interposed by defendant Lantz.

Plaintiff's complaint alleges that the defendants were negligent in certain particulars and that the negligence of the defendants "combined, concurred and was the proximate cause of the damages suffered by the plaintiff." Defendant Lantz demurred on the ground that it appeared upon the face of the complaint that the action was not commenced within the time limited by statute. The demurrer was sustained and a judgment was entered "[t]hat plaintiff take nothing from defendant Lantz by this action; and that said defendant go hence without day; * * * that this action proceed against the other defendants * * *." Plaintiff appeals from this judgment. Defendant Lantz moves to dismiss the appeal on the ground that the judgment from which the appeal is taken is not a final judgment in this action.

The motion is granted and the appeal is dismissed. The case is controlled by the principle applied in *Martin v. City of Ashland,* 233 Or 512, 378 P2d 711 (1963). In that case it was held that a judgment which affects some of the parties only is not a final judgment and is not appealable. In the instant case the judgment sustaining the demurrer did not dispose of the case as to the other defendants. Therefore, it is interlocutory in nature.

The time for filing an appeal will not begin to run until after the case has proceeded to judgment for or against the remaining defendants. *Watkins v. Mason,* 11 Or 72, 4 P 524 (1883).

Appeal dismissed.