On Motion to dismiss, denied as to Respondent Robinson, dismissed as to Respondent Prindel October 3, 1963, argued February 4, reversed and remanded February 13, 1964

## STEENSON *v.* ROBINSON, PRINDEL

385 P. 2d 738
389 P. 2d 27

Karl T. Huston, Corvallis, on the motion for respondent Robinson, and Weatherford, Thompson & Horton, Albany, on the motion for respondent Prindel.

Robert Mix, Corvallis, contra.

O'CONNELL, J.

This is an action brought by an automobile passenger against Robinson, the driver of the automobile in which plaintiff was riding, and against Prindel, the driver of another automobile with which it collided.

Plaintiff alleged that he was a paying passenger and based his action against Robinson on the theory of ordinary negligence. Robinson was a minor. As an affirmative defense he disaffirmed the contract. Plaintiff demurred to the affirmative defense. The demurrer was overruled. Defendant Prindel set up the defenses of contributory negligence and assumption of risk. Plaintiff's demurrer to these defenses was overruled.

After the trial defendant Robinson moved for an involuntary nonsuit on the ground that the complaint alleged ordinary negligence only and the affirmative answer established plaintiff as a guest passenger. The motion was granted.

Plaintiff, being unwilling to proceed against Prindel alone and wishing to appeal the ruling on the de-

murrer to defendant Robinson's affirmative defense, moved for a voluntary nonsuit as to defendant Prindel. The motion was granted. Plaintiff then filed a. new action against defendant Prindel. Plaintiff then appealed from the judgment of involuntary nonsuit and from the judgment of voluntary nonsuit.

Both defendant Robinson and defendant Prindel move to dismiss the appeal. Both defendants rely upon *Martin v. City of Ashland,* 233 Or 512, 378 P2d 711 (1963), and *Collins v. Lantz,* 234 Or 268, 381 P2d 213 (1963), which held that a judgment which affects some of the parties only is not a final judgment and is not appealable.

We shall first consider defendant Robinson's motion. When the judgment of involuntary nonsuit was entered in favor of Robinson it left Prindel in the case. But when plaintiff took a voluntary nonsuit as to Prindel the cause before the trial court was completely terminated. The rule applied in *Martin v. City of Ashland,* supra, and *Collins v. Lantz,* supra, is designed to prohibit piecemeal appeals, i.e., an appeal which affects one defendant only when the action as to the other defendant is still before the trial court. In the case at bar, after plaintiff took a voluntary nonsuit as to Prindel there was no subsisting action as to either defendant. Therefore, the appeal from the judgment in favor of Robinson could not be regarded as inconsistent with the policy underlying the rule applied in the *Martin* and *Collins* cases. We hold, therefore, that defendant Robinson's motion to dismiss the appeal is denied.

Prindel's motion presents a different problem. The judgment which disposed of the cause against Prindel was entered as a result of plaintiff's motion for a nonsuit. It is the general rule that a party may not

appeal from a judgment which he voluntarily requested.[1]

■ Plaintiff contends, however, that the nonsuit was not voluntarily requested but was, in effect, forced upon him by the trial court's ruling on plaintiff's demurrer to Prindel's affirmative defenses of contributory negligence and assumption of risk. If the plaintiff takes a nonsuit because of a ruling which precludes recovery, it has been held that the judgment is not in fact voluntarily requested and, therefore, does not bar an appeal.[2] This is not the situation in the case before us. The trial court's action in over-

---

[1] Cases are collected in 23 ALR2d 664. The basis for the rule is well stated in Francisco v. Chicago & A. R. Co., 149 F 354, 359-360 (8th Cir 1906):

"* * * Courts are established and maintained to settle and terminate controversies * * *. A practice which permits a plaintiff to experiment with the courts and to harass the defendant interminably at will runs counter to the basic purpose of legal tribunals * * *. Yet this is the practice which a grave review of such nonsuits as that in hand would establish. Under it a plaintiff could introduce his evidence and try the Circuit Court to see whether or not it would sustain his action. If it granted a motion to instruct a verdict against him, he could procure from the court an involuntary nonsuit, then sue out a writ of error and try the appellate court, and, if it would not sustain his action, he could pay the costs, bring another action for the same cause, and continue his actions and experiments interminably. * * * [A]nd the demands upon these [appellate] courts for the decision of real and important issues are too grave and pressing to permit them to devote their time to litigation so frivilous. * * *

"* * * The plaintiff is not the only party to a lawsuit who has rights. The defendant [has the right], * * * not only to a fair and impartial trial of the action against him, but to a final adjudication of the alleged cause which the plaintiff presents and to a termination of the litigation upon it. This right he can * * * never secure under the practice here proposed, for there is no limit to the number of actions on the same cause, or on the want of it, which the plaintiff may bring, review, and dismiss under it."

[2] Cases are collected in 23 ALR2d 664.

ruling the demurrer to Prindel's defenses did not preclude recovery. Therefore, the general rule is applicable and the appeal as to defendant Prindel must be dismissed.

## ON THE MERITS

*Robert Mix,* Corvallis, argued the cause and filed briefs for appellant.

*Karl Huston,* Corvallis, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

GOODWIN, J.

This is an action for damages arising out of an automobile collision. Plaintiff appeals from a judgment for the defendant.

Plaintiff has brought up neither a transcript nor a proper designation of portions thereof. (A partial transcript was filed in connection with the earlier motion to dismiss the appeal, but it was not made a part of the record pursuant to ORS 19.074.) We

have only the trial court file. ORS 19.114 provides that a transcript (defined in ORS 19.005) will take the place of the constitution's "bill of exceptions," required under former practice. In the absence of a transcript, or designated portions of the record brought up pursuant to ORS 19.074, there is nothing before us except the question whether the pleadings support the judgment. *Dressler v. Isaacs et al.,* 218 Or 128, 323 P2d 64 (1958).

If the judgment were simply a judgment for the defendant entered upon the allowance by the trial court of the defendant's motion for a nonsuit, our consideration of this appeal would be at an end. It is impossible to rule upon the correctness of the ordinary involuntary nonsuit without a transcript of the material evidence. The judgment appealed from in this case, however, is not an ordinary judgment given upon an involuntary nonsuit. It reads in material parts as follows:

> "* * * the defendant Robinson having moved for an order of involuntary nonsuit on the grounds that the pleadings established that the plaintiff was a guest passenger in the automobile driven by said defendant Robinson at the time of the accident alleged in the Second Amended Complaint filed herein and that said Complaint only charged the said defendant Robinson with ordinary negligence and, therefore, failed to state facts sufficient to constitute a cause of action against said defendant Robinson * * *."

Since the defendant asked the trial court to decide the case upon the pleadings, rather than upon the testimony, we will treat the judgment as a judgment on the pleadings.

In examining the pleadings to see whether they

support the judgment, we begin with the second amended complaint. Paragraph II thereof reads as follows:

"That on the 12th day of May, 1961, defendant Thomas V. Robinson arranged to drive a certain Chevrolet tudor hardtop sedan, bearing Oregon license No. IV5907, from Corvallis to Eugene, Oregon, and return, and to carry as a passenger therein plaintiff Brian Steenson, said defendant to exercise control thereof. That prior to the commencement of said trip, an arrangement was made between plaintiff and defendant Thomas V. Robinson under which plaintiff was to pay to defendant Thomas V. Robinson the sum of $1.00 for such transportation."

There follow the usual allegations of negligence and injury with a prayer for judgment. There is no allegation of gross negligence.

In due course the defendant filed an answer, containing a further and separate answer and defense of which paragraph III alleges:

"That the defendant Thomas V. Robinson [a minor] by his guardian ad litem Gerald S. Robinson, denies and disaffirms any arrangement or agreement on the part of the defendant Thomas V. Robinson to transport the plaintiff Brian Steenson from Corvallis to Eugene, Oregon and return on the 12th day of May, 1961, for the sum of One Dollar ($1.00) or for any other consideration * * *."

To this affirmative defense the plaintiff interposed a demurrer, arguing that the right of an infant to avoid his contracts has nothing to do with the plaintiff's status as a paying passenger under the Oregon guest statute. ORS 30.115. The trial court overruled the demurrer. (This ruling is the only assignment of error briefed and argued by the parties.)

██ The plaintiff filed a reply which traversed all the affirmative allegations of the answer. The right to challenge the ruling on the demurrer is not waived by pleading over, but is saved by ORS 16.330. We construe the statute as extending to demurrers by plaintiffs the same protection it gives demurrers by defendants.

The judgment recites that there was a partial trial and a motion by the defendant for a judgment of involuntary nonsuit "on the grounds that the pleadings established" that the plaintiff was not entitled to recover.

█ The pleadings could have established that the plaintiff was not entitled to recover if, but only if, the trial court was right in holding that a minor can disaffirm a paying-passenger arrangement after there has been an accident. If the trial court was right on this issue, then the defendant might have been entitled to a judgment on the pleadings had the pleadings been stripped down to that single issue. The pleadings, however, put in issue the fact of the alleged disaffirmance as well as the legal efficacy thereof. Since unresolved issues of fact remained after the pleadings were settled, there could be no judgment on the pleadings.

Since the cause must be reversed and remanded, and since the only issue the parties discussed in their briefs and arguments centered about the above-mentioned assignment of error, we will treat the question as if it were properly before the court upon a record containing a fuller description of proceedings below.

The trial court relied upon *Brown v. Wood*, 293

Mich 148, 291 NW 255, 127 ALR 1436 (1940). Defendant asks this court to approve that decision and to hold that in Oregon an infant may engage to transport a passenger for hire and then, after an accident, disaffirm his engagement and stand upon his right to avoid contracts as a method of avoiding tort liability. This we decline to do.

The Michigan court seemed to think that the tort (negligent operation of a motor vehicle) was a breach of a contract of carriage and therefore the tort somehow arose out of a contract. This reasoning breaks down when applied to other tort law. Thus, where an infant is sued for seduction under promise to marry, he cannot escape tort liability by pleading his incapacity to contract. *Becker v. Mason,* 93 Mich 336, 53 NW 361 (1892). Tort liability arises out of his capacity to seduce rather than his capacity to contract.

Whether or not an infant passenger can avoid his promise to pay a carrier for transportation, or an infant carrier can avoid a promise to transport, once the carrier-passenger relationship comes into being the carrier owes a duty to exercise due care. The status of the parties exists quite apart from the enforceability of their contracts.

At one time this court was of the opinion that "payment" to take a passenger out of the operation of the guest statute had to be by a contract enforceable at law. *Smith v. Laflar,* 137 Or 230, 2 P2d 18 (1931). The case was overruled in *Luebke v. Hawthorne et al.,* 183 Or 362, 367, 192 P2d 990 (1948).

One purpose of the guest statute is to free from the legal consequences of his ordinary negligence a motor-vehicle operator who has extended hospitality

to a nonpaying passenger. There is no reason to believe that the legislature intended to relieve of the duty of exercising due care those who transport others for hire.

■ If the relationship of carrier and passenger is established, it should make no difference whether the payment was received or merely promised. It is likewise immaterial whether the promise, if any, could be enforced in a court of law. Since there must be another trial, we express no opinion upon the facts concerning the alleged payment arrangement in the case at bar. We likewise reserve the question of the effect to be given the evidence of such arrangement, if any, by the court or jury.

There was in the oral argument an oblique reference to collusion as a possible reason for viewing with disfavor a guest-passenger as a plaintiff. If collusion is present in a given case, then it ought to be brought out in the open and dealt with at the trial just as any other matter of fact. The perjury statutes are still on the books. If the problem is not involved in a particular case, there is no reason why the court should generalize about it.

The cause is remanded with instructions to sustain the demurrer to the further and separate answer alleging disaffirmance of the "arrangement or agreement." The parties should be required to plead over so that the case can be tried on the numerous questions of fact that will remain.

Reversed and remanded.