Submitted on respondent's motion to dismiss appeal June 20, appeal dismissed September 7, 1967

# DLOUHY, *Appellant, v.* SIMPSON TIMBER COMPANY, *Respondent.*

431 P. 2d 846

Asa L. Lewelling, Salem, for the motion.

Gary Jones and Rhoten, Rhoten & Speerstra, Salem, contra.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

Plaintiff in a "third-party" personal-injury action under ORS 656.595 appeals from an order dismissing

the action against Simpson Timber Co., one of several defendants. As the action is still pending in the circuit court against various other named defendants, Simpson has moved to dismiss the appeal as premature.

■■ Ordinarily an interlocutory order is not appealable. *Eena Co. v. Zosel,* 164 Or 99, 95 P2d 428, 99 P2d 1022 (1940). The reason for this rule is not that the word "interlocutory" carries any special force. But an interlocutory order ordinarily is not, in the language of the relevant statute, "an order affecting a substantial right, or which in effect determines the action or suit so as to prevent a judgment or decree therein." ORS 19.010.

In *Martin v. City of Ashland,* 233 Or 512, 378 P2d 711 (1963), we dismissed on our own motion as premature an appeal from a trial court order which removed from the case part, but not all, of the defendants. There the action was against a city and a number of its elected and appointed officials together with a city police officer whose conduct was alleged to have given rise to a cause of action. In that case the trial court had sustained the demurrers of all defendants except the police officer. The action continued as to him. We held that so long as the action continued against the individual defendant, the questions tendered in the appeal were not ripe for review. The questions were, however, of a kind that would not justify review until after a final judgment against the police officer. In that case, if the officer were found not to have been guilty of the misconduct alleged in the complaint, the tendered questions concerning the nature and scope of governmental immunity would never be reached. If, and only if, the jury should find against the officer, would it be necessary on appeal to

examine the problem of derivative liability on the part of the city and of its officials.

■ In the case at bar, the matter of "ripeness" is somewhat more complicated because the plaintiff is not seeking to impose upon Simpson derivative, or vicarious, liability based solely upon the acts of those defendants still in the case. The plaintiff is seeking to impose upon Simpson direct liability arising out of the acts of Simpson's own employes. Thus, the trial court's order, if allowed to stand, does affect the substantial rights of the parties. We believe, nonetheless, that the rule followed in *Martin v. City of Ashland,* supra, should be applied here. See *Steenson v. Robinson,* 236 Or 414, 385 P2d 738, 389 P2d 27 (1964); *Collins v. Lantz,* 234 Or 268, 381 P2d 213 (1963). If the rule results in duplication of effort in some cases, the duplication of effort will occur at the trial court level, where duplication of effort is less harmful than in the Supreme Court.

■ The statutory and judicial rules against piecemeal appeals make possible the economical deployment of judicial manpower. The rules are consistent with Oregon Constitution, Art VII (Original), § 6, limiting appellate jurisdiction to the review of final decisions. The circuit courts, as courts of first instance, have been established for the purpose of rendering final judgments upon questions of law and fact. An appellate system cannot function efficiently if it is required to decide, while litigation is pending below, an infinite variety of hypothetical questions concerning the strategy of litigation.

■ By limiting appellate review to final judgments, or to final orders which in effect determine the substantive rights of the parties, the Legislative Assembly intended to minimize the incidence of appeals

involving merely advisory opinions. A trial court's preliminary ruling on a question may be right, or it may be wrong, but the ruling ordinarily should not be reviewed until the judgment is final. In many cases scores of questions of law will produce rulings that counsel would like to "take up" for appellate review. But after the trial court has completed its work these questions may no longer be of real interest to the litigants. It would burden the appellate system intolerably if such questions were to be added to the docket of the Supreme Court in cases that have not been concluded below.

■ While we can sympathize with the plaintiff's desire to hold in court as many defendants as he possibly can, it is not an economical use of judicial time to have an appellate court decide during the pendency of litigation whether or not a given plaintiff has tried to include in his dragnet more defendants than the law allows.

It is theoretically possible that the plaintiff in this case will prevail against one or more of the defendants who remain in the case and that he will be satisfied by a judgment against them. The plaintiff may not thereafter deem it advisable to appeal the judgment in favor of the one defendant who was allowed to escape liability.

In balancing the competing desiderata, efficient judicial administration will be better served if we require the plaintiff to proceed to a final judgment for or against the defendants still in the case. If the plaintiff is unsatisfied at the end of the trial, he can in his appeal assign error to any rulings of the trial court which he deems to be erroneous. The alternative would be to subject the appellate system to a sub-

stantial increase in caseload, and an increase made up of questions that in many cases may well become moot after final judgment.

Appeal dismissed.