Argued April 8, appeal dismissed May 31, 1977

LULAY, *Plaintiff,*

*v.*

EARLE, *Defendant and Third Party*
*Plaintiff-Appellant,*

*v.*

WOLFER et al, *Third Party Defendants-Respondents.*

(No. 87183, SC 24555)

564 P2d 1045

Ray W. Shaw, of Webb and Shaw Attorneys, Salem, argued the cause and filed a brief for appellant.

John L. Hemann, of Garrett, Seideman & Hemann, Salem, argued the cause and filed a brief for third party defendant/respondent Reams.

Bruce H. Grim, of Douglas, Grim, Fender & Carson, Salem, argued the cause and filed a brief for third party defendant/respondent Martin Wolfer.

Before Denecke, Chief Justice, and Holman, Lent, and Davis, Justices.

LENT, J.

**LENT, J.**

Plaintiff brought an action for recovery of money damages from Earle, who had recently constructed a residence for the plaintiff. Plaintiff claimed that defendant had improperly painted the home and should be liable for the cost of necessary repairs. Earle impleaded Wolfer and Reams, the painters who had performed the work. ORS 16.315(4). In the third party complaint Earle contended that the performance of Wolfer and Reams was unsatisfactory and done in an unworkmanlike manner and that these third party defendants were liable to him for all or part of the claims asserted by plaintiff.

After discovery, the motions of the third party defendants for summary judgment were granted. Earle appeals, claiming that genuine issues of material fact exist. We do not pass upon this contention because an order dismissing a third party complaint after summary judgment in favor of the third party defendant is not appealable prior to the termination of the main action.

The right to an appeal springs from statute. Our power to decide appeals is limited by the Oregon Constitution, Art. VII (original), § 6, which provides that, "The Supreme Court shall have jurisdiction only to revise the final decisions of the Circuit Courts * * *." The key statute is ORS 19.010:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For purposes of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

We have consistently interpreted this statutory framework to require appeals from a single judgment

in cases involving more than one claim[1] or in suits or actions with several defendants.[2] In *Durkheimer Inv. Co. v. Zell*, 161 Or 434, 437-38, 90 P2d 213 (1939), quoting from earlier decisions, it was held that:

> "One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it?' "[3]

Under a single judgment rule, the propriety of the dismissal of a third party claim will be determined in the appeal of the main claim. The policy underlying the single judgment rule is conservation of appellate court time. In the present case, if plaintiff fails in his action against defendant, the issue of third party defendants' liability becomes mooted. Postponing the present appeal may obviate the need for decision.

We recognize that the policy underlying the impleader statute, ORS 16.315(4), is to avoid circuity of

---

[1] *Durkheimer Inv. Co. v. Zell*, 161 Or 434, 90 P2d 213 (1939).

[2] *Dlouhy v. Simpson Timber Co.*, 247 Or 571, 575, 431 P2d 846 (1967):

"* * * [E]fficient judicial administration will be better served if we require the plaintiff to proceed to a final judgment for or against the defendants still in the case." *Accord: Martin v. City of Ashland et al*, 233 Or 512, 378 P2d 711 (1963).

One writer concludes:

"* * * Oregon courts permit only one judgment or decree to be entered in an action or suit and require that a judgment or decree conclude every issue presented by the pleadings. Consequently, trial court decisions are not appealable if they dispose of fewer than all causes of action or suit, determine rights of fewer than all parties, or dispose of counterclaims when other issues remain undecided." (footnotes omitted) Smith, "Federal Rule 54(b) and Oregon's Multiple Claim and Multiple Party Litigation," 54 Or L Rev 161, 164-65 (1975).

[3] Most recently, we said in *Moran v. Lewis*, 274 Or 631, 634, 547 P2d 627 (1976), "Orders are not appealable until the controversy is completely and finally settled in the trial court." *See also, Union Oil Co. v. Linn-Benton*

actions and inconsistent results. That policy may be thwarted in this case by the single judgment rule. Nonetheless, given our strong historical policy against piecemeal appeals, any change must come from the Legislature.

Appeal dismissed.

*Dist. Co.,* 270 Or 588, 528 P2d 520 (1974) (order denying motion to set aside previous order of default as to one of several defendants not appealable until final judgment as to whole case); *Collins v. Lantz,* 234 Or 268, 381 P2d 213 (1963) ("* * * [A] judgment which affects some of the parties only is not a final judgment and is not appealable."); and *McEwen v. McEwen,* 203 Or 460, 280 P2d 402 (1955).