Motion to dismiss appeal denied May 20, 1930; argued January 13;
reargued May 5; affirmed May 26, 1931

## SIMMONS *v.* WASHINGTON FIDELITY
## NATIONAL INSURANCE CO.
### (299 P. 294)

*Milton R. Klepper,* of Portland (D. W. Sheahan, of
Enterprise, on the brief), for appellant.

*Max Wilson,* of Joseph, for respondent.

CAMPBELL, J. Plaintiff commenced an action at law against defendant on a policy of health and accident insurance, claiming the sum of nine hundred dollars ($900) and reasonable attorneys' fees. In his complaint he alleges that in the application for the insurance there appeared certain questions, and the application was filled out by the agent of the insurance company without asking those particular questions, and without reading or informing the plaintiff of either questions or answers that were written therein. The questions and answers referred to are as follows:

"13. Are your habits of life correct and temperate and are you in sound condition mentally and physically? Yes. Is your hearing or vision impaired and have you any infirmity, deformity or defect? No. Have you ever had fits of any kind, vertigo, hernia, paralysis, tuberculosis, or any form of heart trouble or kidney disease? No. Have you in contemplation any special journey or hazardous undertaking? No.

"14. Have you been disabled by either accident or illness, or received medical or surgical attention during the last ten (10) years. No. If so, when, for what and duration? In ............ for ............ lasting ............

"15. Do you understand and agree that the right to recovery under any policy which may be issued upon a basis of this application shall be barred in the event that any of the foregoing statements, material either to the acceptance of the risk or to the hazard assumed by the company, is false, or in the event that any one of the foregoing statements is false and made with intent to deceive and that the insurance hereby applied for will not be in force until the policy is actually issued, and that the company is not bound by any knowledge of or statements made by or to any agent unless written hereon, and that you will pay the quarterly premium of fifteen and no-100 dollars in advance without notice. Answer, yes."

He further alleges that he did not make said answers, and that he signed the application without any knowledge on his part that it contained the matter above referred to. He alleges that he can neither read nor write; that he has learned to sign his name, which he does in a mechanical manner. The defendant answering the complaint deemed itself entitled to relief arising out of said facts and others set up in the further and separate answer, requiring the interposition of a court of equity under the provision of 6-102, Oregon Code 1930. Said equitable counterclaim alleging in effect: That by reason of false, untrue, deceitful and fraudulent answers, statements, and representations made by plaintiff in his application for said insurance company, the policy was obtained by fraud and was therefore void, and asked that the policy be surrendered and cancelled. The reply put in issue the equitable matter set forth in the answer.

■ The trial court stayed the action at law for the time, and proceeded to determine the issues raised by the counterclaim in equity. After a hearing, the trial court rendered a decree denying the equitable relief and allowed the law action to proceed. From this decree, defendant appeals. The right of the defendant to appeal from the decree in this suit without waiting for a determination of the law action has been settled by numerous decisions of this court: *James v. Ward*, 96 Or. 667 (190 P. 1105; *Gellert v. Bank of California*, 107 Or. 162 (214 P. 377).

The material claim of the defendant is that plaintiff in his application for the policy of insurance made false and incorrect answers. The plaintiff, in his complaint, alleges that such answers as were false and incorrect were made without his knowledge or consent,

and were so written in the application by the agent of the defendant. It is therefore admitted by both parties that some of the answers written in were false, and the question for the court to determine is whether the false answers were made by plaintiff or by defendant's agent.

The principal contention of defendant is that plaintiff was injured by an accident while handling logs, in February, 1927, about six months prior to his application for insurance, and for that injury he was treated by a physician, but failed to disclose the same in his answers in the application. There is testimony tending to show that plaintiff .had recovered from such injury so as to perform the ordinary labor to which he was accustomed, without material inconvenience; and that he was honest in making application for the insurance; that there was no attempt on his part to conceal that or any other fact in his application; that the soliciting agent did not ask him any such question and that he made no such answers as appear in the application. It will be noted there is no allegation of collusion between the insured and the soliciting agent of the insurer.

The only testimony on the question of who was responsible for the untrue answers in the application is that of plaintiff on the one hand, and of Roy R. Walker, the soliciting agent of the insurer, who wrote up the application, on the other. The application was written at the home of one Phil Hagey, who was present during the transaction. Phil Hagey died before the trial of the cause.

■ The plaintiff having admitted his signature to the application, the burden of proof was upon him to establish that the untrue answers were made, without

his knowledge or consent, by the soliciting agent. The testimony of plaintiff is strong and positive that the soliciting agent at no time asked him either of the questions numbered 13, 14, and 15. That the soliciting agent at no time read to him either the questions or the answers to said questions. That at the time of signing the application he did not know that it contained either of said questions or answers, and that he did not find out that it contained the same until long after the policy was issued, and long after the accident occurred for which he seeks to recover indemnity.

The testimony of Walker, the soliciting agent, is also positive to the contrary. However, Walker was impeached by several witnesses showing that his reputation for truth and veracity was bad. In plaintiff's claim to the insurer for indemnity by reason of the injury sustained by the accident, the same questions and answers appear, but again we have Walker writing up the claim and filling in the answers. In this state of the testimony, the learned and experienced trial judge, who had opportunity of observing the manner in which the witnesses testified, was in a much better position to arrive at a more correct estimate of the credibility of the witnesses than we are, by simply reading the testimony, and his findings on that point should not be set aside.

"The insurer will not be permitted to avoid the policy by taking advantage of any misstatement, misrepresentation, or concealment, of a fact material to the risk which is due to the mistake, fraud, negligence, or other fault of his agent and not to fraud or bad faith on the part of the insured. * * * If in any case it is shown that the agent has been guilty of fraud or deceit in leading the insured to believe that the application actually represents the facts as stated to him,

the insurer must bear the burden of the agent's wrongful conduct. So if the agent sends in an application prepared by himself, without the authority of the insured, or includes an unauthorized representation, * * * in the absence of *mala fides* on the part of the insured, the insurer can not claim that the policy is vitiated'': 26 C. J. 308, § 381.

''Although there is some authority to the contrary, the general rule is that, where the insured at the time of applying for the policy truthfully states to the agent the facts involved in the risk, or the agent otherwise knows the facts, and the agent without the actual knowledge of the insured inserts in the application or in the policy mistaken or intentionally false statements, the insurer can not claim forfeiture for misrepresentation, as the misrepresentation is its own. In such cases, the insurer is estopped to claim that the statements in the application are warranties'': 26 C. J. 310, § 384.

Section 46-506, Oregon Code 1930, provides that all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties.

''As a general rule the right to rescind must be exercised in toto, the contract must stand in all its provisions, or fall all together. Accordingly, a party can not repudiate a contract or compromise so far as its terms are unfavorable to him, and claim the benefit of the residue. As a partial rescission is not allowed by law, one who has sufficient cause to rescind a contract for fraud must rescind the whole or none'': 6 R. C. L. 936, § 318.

■ The plaintiff in the instant suit is not attempting to rescind the contract as he claims it was actually entered into; that questions Nos. 13, 14 and 15, and the answers thereto were inserted in the contract without his knowledge or consent, and if he establishes this fact to the satisfaction of the jury, he may recover in the action at law.

■ "It may be considered as a well-settled rule that parol evidence is admissible to show that the agent of the company at the time, when acting within the apparent scope of his authority in filling out the application, had been truly and fully informed by the applicant of the facts, or that he had actual knowledge thereof, and that he had nevertheless, without the authority, consent, or knowledge of the applicant misstated the facts in the application, or that he had omitted to insert certain facts therein. Such evidence is not admitted to vary or contradict the writing, but is based upon the principle that the writing was procured under such circumstances that it can not lawfully be used against the party whose name is signed to it. It is not his instrument, so far as the claimed erroneous statements are concerned. * * * The writing in such case is not the applicant's statement, although signed by him, and the insurance company is estopped to claim that the representation is that of the insured. The error is chargeable to the insurer and not to the insured": 1 Joyce on Insurance, 632, § 505.

The principles announced in the text seem amply supported by abundant authority.

"But a policy is not avoided by false representations in the application under a provision that the statements contained in the application are warranties, and if any of them are false the policy shall be void, when the false statements in the application are made by the agent of the insurance company without the knowledge and without any fraud or attempt to deceive or misrepresent on the part of the assured": 2 Joyce on Insurance, 1901, § 1905.

We have carefully read the testimony and examined the principles of law applicable thereto, and find that defendant has failed to establish any fraud or misrepresentation on the part of plaintiff in obtaining the policy.

The decree of the circuit court is affirmed.

ROSSMAN and KELLY, JJ., did not participate in this opinion.