Argued May 7, reversed with directions June 13, petition for
rehearing denied September 5, 1951

# HARRIS *v.* HARRIS

232 P. 2d 818

*John F. Kilkenny,* of Pendleton, argued the cause for appellant. On the brief were W. E. Hanzen and Raley, Kilkenny & Raley, all of Pendleton.

*Charles F. Luce,* of Walla Walla, Washington, and *Charles R. Cater,* of La Grande, argued the cause and filed a brief for respondents.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

On July 7, 1949, the circuit court for Umatilla county made and entered of record its final decree in a partition suit, in which suit appellant Claude Harris is plaintiff, and respondents Mable Harris, Martha Harris Pfieffer, and John Pfieffer, her husband, are defendants.

By the decree, certain described parcels of land were set off and awarded to plaintiff and other parcels to defendants. The decree also provided that the lands so set off and awarded to the respective parties be

surveyed so that the true boundary lines between them might be established, and that fences be erected on the survey lines so established. At the time of the proceedings hereafter referred to, the final survey had not been made, nor had any fences been erected.

The decree described certain of the lands awarded to plaintiff as follows:

"The west 9/20 of a tract described as follows:

"All that portion of the southeast quarter, the southeast quarter of the southwest quarter of Section 18, the northeast quarter of the northwest quarter and the north half of the northeast quarter of Section 19 lying south of the county road and north of *the precipice of the bluff or hill* on the south side of the Walla Walla River.

"All that portion of the southeast quarter, the southeast quarter of the southwest quarter of Section 18 and all that portion of the northeast quarter, and the northeast quarter of the northwest quarter of Section 19 lying south of *the precipice of the bluff or hill* on the south side of the Walla Walla River. The north half of the southeast quarter and the southeast quarter of the southeast quarter of Section 19.

"The southwest quarter and all that portion of the south half of the northwest quarter of Section 20 lying south of a line *fifteen feet north of the north bank of the course of the Walla Walla River as of April 14, 1949,* excepting therefrom the following * * *." (Italics ours.)

A dispute arose between the parties as to the true line "of the precipice of the bluff or hill," and also as to the true line described as "fifteen feet north of the north bank of the course of the Walla Walla River as of April 14, 1949."

Claiming that the "precipice of the bluff or hill" designated a line along the top of the bluff, plaintiff

carried on certain blasting operations below that line. On the other hand, the defendants who claimed that the description "fifteen feet north of the north bank of the course of the Walla Walla River as of April 14, 1949," designated a definite location, carried on certain operations within what they claimed to be the boundaries of the lands awarded to them.

The defendants filed an affidavit and motion for an order upon plaintiff to show cause why he should not be adjudged in contempt of the partition decree in connection with such blasting operations, it being claimed that such operations were in disregard of the true line as designated by the description "the precipice of the bluff or hill." An order to appear and show cause was issued and served upon plaintiff. Thereupon, plaintiff filed his affidavit and motion for an order upon defendant Mable Harris to appear and show cause why she should not be adjudged in contempt of the partition decree in connection with operations based upon defendants' contention as to the true line designated as "fifteen feet north of the north bank of the course of the Walla Walla River as of April 14, 1949," claiming that such operations were upon lands awarded to him. An order to appear and show cause was served upon defendant.

Upon the issues thus formed, the matter came on for hearing before the court on January 11, 1950, and continued until January 13. The proceedings were consolidated for the purposes of trial. After considerable testimony was received, both contempt proceedings were dismissed, but thereafter the court continued to hear testimony respecting the dispute arising from the foregoing emphasized descriptions and on February 11, 1950, made and entered of record what is en-

titled "Opinion on Interpretation of Decree" and thereafter and on May 16, 1950, made and entered of record an "Order Interpreting Language of Decree." The plaintiff appeals from this order.

It appeared on the trial that the surveyors were in doubt as to what was meant by the descriptions aforesaid, and wanted a court interpretation thereof, so that a final survey might be made. The parties, by oral stipulations in the record, sought to confer jurisdiction upon the court to interpret the same. However, most of the stipulations were with reservations. This situation can best be illustrated by quoting from the court's "Opinion on Interpretation of Decree" as follows:

"It will be noted that this opinion bears title as in the original case, and this is done for the convenience of the parties and council, and for the reason that actually it is a decision affecting matters, and only matters, in the original case. This proceeding was originally initiated under two orders to show cause in contempt proceedings,— one on the application of the defendants against plaintiff, and one on the application of the plaintiff against the defendant Mable Harris.

"At the hearing, after the taking of some evidence, the contempt proceeding against Claude Harris was dismissed by the Court on his motion therefor. The contempt proceeding against Mable Harris was dismissed by the Court on motion of Claude Harris.

"1. It developed during the taking of this evidence that the surveyors had requested a ruling by the Court as to certain particulars involved in the survey, and all parties wanted—and asked— the Court to do that, at least to the extent of the lines involved in the contempt proceedings. The two matters involved in the contempt proceedings were:

"1. What did the Court mean by the 'precipice of the bluff or hill'?

"2. Where was the north bank of the course of the Walla Walla River on April 14, 1949:

"There is no dispute that the parties stipulated that these two matters might be determined by the Court; but the defendants also wanted an interpretation of the decree as to Tract C. There is a dispute as to whether the stipulation covered Tract C, although concededly the plaintiff objected to this during the hearing. There was one stipulation at the beginning of the taking of evidence, and there was a second stipulation made shortly after the contempt proceedings were dismissed as to Claude Harris and Mable Harris. *Apparently, not all of the stipulations are in the record,* and the parties are in dispute as to the terms of these stipulations because of the fact that they are not in the record. The first question which arises is whether or not the Court should go ahead and make a ruling instructing the surveyors as to the division of the bottom land, or Tract C." (Italics ours.)

The court found that by introducing evidence respecting the matter, plaintiff waived his objection as to the jurisdiction of the court to consider Tract C, and the court did interpret the decree as to Tract C, as well as what was meant by the other two descriptions in dispute.

For the purposes of this opinion, it is unnecessary to go into further detail in outlining the factual situation.

■■ At the time the contempt proceedings were instituted, the term of court in which the partition decree had been entered had long since expired. It is well established that during the term in which a judgment or decree is rendered, the court may amend or vacate the decree. But after the expiration of that term,

except to correct clerical or formal errors, the court has no authority to amend, revise, modify or vacate a judgment or decree except by virtue of § 1-1007, O. C. L. A., unless it appears from the record of the case that the court was without jurisdiction to render the judgment or decree. *Western Land & Irrigation Co. v. Humfeld,* 118 Or. 416, 418, 247 P. 143; 49 C. J. S., Judgments, 451, § 238.

■ The effect of the court's orders in this case is to amend and modify the final decree of partition. This, it had no jurisdiction to do.

■■ The stipulations of the parties in the contempt proceedings, even had they been definite, certain, and complete, could not confer jurisdiction upon the court to do what was done in this case. Such stipulations could not have the effect of transforming this proceeding into one carried on pursuant to the provisions of §§ 6-501 to 6-503, O. C. L. A., inclusive, relating to the submission of controversies without action, nor to one brought under the "Uniform Declaratory Judgments Act," §§ 6-601 to 6-616, O. C. L. A., nor does it come within the provisions of § 1-1007, O. C. L. A.

■ The "Opinion on Interpretation of Decree" and the "Order Interpreting Language of Decree," based thereon, made and entered by the court are wholly void. Reversed with directions to vacate the order in question. Neither party shall recover costs.