Submitted on briefs February 21, affirmed November 27, 1957

## COMER *v.* WORLD INSURANCE CO.

318 P. 2d 913

Carson, Carson & Gunnar and Douglas L. Hay, Salem, for appellant.

Williams & Skopil, Salem, for respondent.

ROSSMAN, J.

This is an appeal by the defendant, World Insurance Company, from a decree of the circuit court which ruled that "Defendant's second defense in the nature of a cross-bill is denied and dismissed." The decree ordered the cause to proceed on the law side of the court. The trial as an action at law has taken place, and from the judgment that was entered therein in favor of the plaintiff the defendant appealed. Our opinion in that case is a companion to this one.

The proceeding which culminated in this appeal was begun when the plaintiff, as the insured in a policy of disability insurance, issued by the defendant, instituted an action upon the policy wherein he charged that, although the event insured against had occurred, the defendant, after paying the plaintiff $566.66, declined to pay anything more. Judgment was demanded in the sum of $1,600, together with an attorney fee.

The part of the answer with which this appeal is concerned alleges the following:

(a) October 6, 1949, the plaintiff, for the purpose of inducing the defendant to issue to him its policy of disability insurance, delivered to it an application signed by him, a copy of which became a part of the policy when the latter was issued.

(b) October 14, 1949, the defendant delivered to the plaintiff the requested policy of insurance including as a part thereof a copy of the application.

(c) The plaintiff answered as follows the ensuing three questions propounded to him by the application:

"9. Are you sound physically and mentally to the best of your knowledge and information? Yes.

"10. Have you ever had any of the following diseases: * * * Disease of the brain or nervous

system? No. * * * Stomach or gall bladder trouble? No.

"11. Have you received medical or surgical advice or treatment or had any local or constitutional disease within the past five years? No."

(d) The three answers just quoted were false and were made by the plaintiff for the purpose of deceiving the defendant.

(e) The foregoing answers were false inasmuch as (1) the plaintiff was not sound physically and mentally, but was suffering from neurosis with reactive depression and anxiety; (2) the plaintiff had a disease of the brain and of the nervous system; (3) the plaintiff had stomach trouble and a constitutional disease; (4) between March 25, 1949 and August 11, 1949, the "plaintiff repeatedly had received medical advice and treatment, with several days of hospitalization in a hospital of that city [Salem] and including several electric shock treatments from two physicians."

(f) The defendant believed and relied upon the plaintiff's above-quoted answers when it considered the application and when, on October 14, 1949, it issued to him the policy of insurance upon which the plaintiff seeks to recover judgment.

(g) The aforementioned misrepresentations were material to the risk which the plaintiff asked the defendant to assume, and had it not been for the misrepresentations the defendant would not have executed the policy.

(h) On account of the fraud, the policy is "void and of no effect."

(i) Before the defendant discovered the fraud it paid to the plaintiff as benefits $566.66 and received from him as premiums $165.25.

(j) July 7, 1952, defendant demanded of the plaintiff that he repay to the defendant $401.46 ($566.66 less $165.25).

The prayer of the answer asked that (a) the proceeding at law be perpetually enjoined; (b) the policy of insurance be canceled; and (c) defendant be granted judgment against the plaintiff in the sum of $401.41.

A demurrer, which challenged the sufficiency of the answer, was overruled.

The answer made no averment that the defendant lacked an adequate remedy at law; nor did it indicate that the defendant could not present its defense of fraud in the law action as effectively as in an equity court. Likewise, the answer contained no allegation that the defendant's interests would be jeopardized in some way unless equity assumed jurisdiction. To the contrary, after the entry of the decree and after the court had made its order that the trial of the action at law should proceed, the defendant presented, in defense of the plaintiff's demand for judgment, virtually the same evidence that it had presented in support of its cross-complaint's prayer for cancelation of the policy.

■ Upon trial of the issues presented by the cross-complaint, the court denied equitable relief because "taking the case as a whole, plaintiff is deemed free from fraud." Although we have read the transcript of evidence, we will first determine whether or not the cross-complaint stated any basis for equity jurisdiction.

According to Pomeroy's Equity Jurisprudence, § 914(a):

"The rule is generally adopted that a suit will not be sustained to cancel an executory, non-

negotiable, personal contract,—for example, a policy of insurance,—where the fraud might be set up as a defense to an action on the contract, and there are no special circumstances which would prevent the defense from being available, adequate or complete."

■ In the absence of special circumstances—and none appears in the instance before us—equity will not, on charges that the issuance of the policy was induced by fraud, cancel the policy of insurance after loss, particularly when an action on the policy is pending. *De Giovanni v. Camden Fire Insurance Assn.*, 296 US 64, 58 S Ct 1, 80 L Ed 47; *Massachusetts Bonding & Insurance Co. v. Andereeg*, 83 F2d 622, certiorari denied 299 US 567, 57 S Ct 30, 81 L Ed 418; *Bankers Reserve Life Ins. Co. v. Omberson*, 123 Minn 285, 143 NW 735; 29 Am Jur, Insurance, p 282, § 307; 45 CJS, Insurance, p 146, § 469. Joyce, The Law of Insurance, 2d Ed 1680, after reviewing many of the authorities upon the subject just mentioned, concludes as follows:

"The result of the above cases seems to be this: That if equitable interposition is sought before loss or death, the right of the plaintiff to the aid of the court is better than it would be were he to wait until after loss or death, when the question might arise whether his remedy by way of defense to an action at law on the policy would not be adequate, and when it would be necessary to show that some obstacle prevented making the defense at law. In other words, having no remedy at law before loss, the case presented by a bill brought after loss would have to show, notwithstanding a then existing adequate remedy at law, that a resort to equity was necessitated by some particular circumstance of equitable cognizance warranting equitable relief, and it would seem reasonable to state, as a rule, that the fact that the loss has occurred is not conclusive, and upon a proper averment of

facts showing that a resort to equity is either necessary, expedient, or proper, or that some obstacle prevents a complete defense at law, the court may, in a reasonable and proper exercise of that discretion which is generally exercised in matters of cancelation, take cognizance and grant relief. The words of Judge Dillon are, however, pertinent in this connection. Referring to the English decisions on the question of equitable cancelation, he says: 'The old cases are entitled to very little respect as authority, and the modern ones tend to show that equity will not oust the law jurisdiction or inter- fere with the legal remedies where there is a full defense at law, and no obstacle in the way of making it.' "

*Simmons v. Washington Fidelity National Insurance Co.*, 136 Or 400, 299 P 294, failed to take note of the fact that the cross-complaint in that case, of which the one in the case at bar is virtually a counterpart, afforded equity no jurisdiction. Counsel in that case failed to call the court's attention to the defect, and the court did not independently perceive the fact that after a loss has occurred and the insured has instituted an action upon the policy, equity will not assume jurisdiction upon the insurer's cross-complaint in the absence of averments which show that resort to equity is necessary to afford the insurer an adequate defense or protection in some other phase of the situation.

The reason most frequently ascribed for the unwillingness of equity to assume jurisdiction after loss, upon charges that the issuance of the policy was induced by fraud, is that the insurer is well protected by the defense of fraud which it may make in the action at law and that, therefore, the fundamental basis for equity jurisdiction, inadequacy of the legal remedy, is absent. That being true, an assumption of jurisdiction by equity, when the legal remedy is adequate,

would constitute an unwarranted denial of trial by jury to the insured.

■ We have mentioned the fact that, in the present instance, the evidence in the trial of the suit for cancelation and in the defense of fraud with which the insurer met the action upon the policy were, to a large extent, duplicates.

Since the insurer had an adequate remedy at law and presents no contention to the contrary, the part of the answer which is termed a cross-complaint failed to confer jurisdiction upon equity. That being true, error was committed when the demurrer was overruled.

The challenged decree is affirmed.