Submitted February 11, reversed and remanded April 22, 1959

## BELCHER *v*. PENTECOSTAL CHURCH ET AL

338 P. 2d 100

J. P. Stirling, Portland, for appellant.

No appearance for respondent.

PER CURIAM.

Plaintiff-appellant was vendor in a contract for the sale of real property, situate in Portland, to defendant Pentecostal Church of God of America, Pacific Northwest District, Inc., a corporation. The defendants Iverson, Hale, Hansen and Deliverance Tabernacle are the only defendants who answered plaintiff's complaint and contested the case. We will refer to them as "defendants." The other named defendants were successors in interest or assignees of the original vendee, Pentecostal Church. The answering defendants were the ultimate assignees and alleged successors in interest to the Pentecostal Church.

Plaintiff's complaint alleged a cause of action in ejectment. The defendants answered by denial and by asserting an equitable affirmative defense seeking specific performance of the contract of sale. Trial was had on this issue and on February 19, 1958, the court entered a decree denying defendants' right to specific performance and dismissing the equitable answer. On February 21, 1958, defendants filed "Objections to Plaintiff's Findings of Fact and Proposed Decree." Thereafter, on March 20, 1958, the court amended the decree by striking therefrom the order dismissing the equitable defense. Thereafter, on May 22, 1958, the court entered another decree by which

the court attempted to reverse the former decree. By this later decree. the court sustained the right of defendants to specific performance upon the payment of the balance remaining unpaid on the contract. Plaintiff appeals from this decree. The defendants have submitted no brief or argument.

■ Plaintiff assigns as error the attempt of the trial court to enter the last decree, May 22, 1958, after the expiration of the term in which the original decree as amended was entered. In Multnomah County the terms of the circuit court expire, and begin, on the first Monday of each month except for the months of July and August. ORS 4.140. He contends the court had no power to amend or alter the decree after the expiration of the term in which it was entered unless the power to do so was reserved by some appropriate pleading by which the court retained jurisdiction. ORS 18.160 is not involved. In this case we can accept the filing of defendants' objections to the court's findings of fact and decree on February 21, 1958, as being sufficient to sustain the court's continuing jurisdiction to modify the decree, in the manner indicated, on March 20, 1958. However, between March 20, 1958, and May 22, 1958, nothing was filed to retain the case "in the breast of the judge of the court." *Deering v. Quivey,* 26 Or 556, 38 P 710. Consequently, the trial court's jurisdiction expired at the termination of the March term of court on the first Monday of April, 1958. The court had no power or jurisdiction to enter the decree of May 22, 1958, and it is, therefore, void. *Harris v. Harris,* 192 Or 361, 367, 232 P2d 818; *Zipper v. Zipper,* 192 Or 568, 235 P2d 866.

■ The original decree denying the equitable defense was final and appealable. That equity jurisdiction was invoked by a pleading in this form rather than by

a separate suit would not alter the finality or effect of that decree. *Gellert v. Bank of California,* 107 Or 162, 187, 214 P 377; *Pac. Gen. Contrs. v. Slate Const. Co.,* 196 Or 608, 618, 251 P2d 454.

We must, therefore, remand this case with directions to reinstate the decree of February 19, 1958, as amended by the court on March 20, 1958.