Argued July 5, reversed with directions September 20, 1961

# MILLER *v.* MILLER

365 P. 2d 86

*John U. Yerkovich,* Portland, argued the cause for appellant. With him on the brief was John P. Ronchetto, Portland.

*Ray F. Merry,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

GOODWIN, J.

Plaintiff wife appeals from an order vacating a decree and dismissing her divorce suit. The order appealed from leaves her married to one man while unlawfully living with another.

On April 8, 1960, the trial court granted the wife a divorce in a contested case in which the husband had resisted the divorce but had sought no affirmative relief.

On April 11, 1960, the victorious wife went on a romantic excursion with a man whose interest in the case previously had not been suspected either by the husband or by the trial court. After celebrating a marriage prohibited by ORS 107.110, the wife accompanied her new mate to California. The erstwhile

husband on May 5, 1960, filed a motion for an order setting aside the decree on the ground that it had been obtained by fraud. The trial court, after hearing arguments of counsel, set aside the decree and dismissed the wife's complaint. The term of court in which the decree was entered had expired prior to the filing of the husband's motion. Consequently, we must first consider whether ORS 1.055 authorized the court to entertain the husband's motion.

■ We have recognized that a court of equity may in an appropriate case set aside its decree during the term in which the decree was rendered. *Harris v. Harris,* 192 Or 361, 366, 232 P2d 818; *Zipper v. Zipper,* 192 Or 568, 574, 235 P2d 866. This discretionary power gives the trial court a limited time in which to restore a suit to the status it enjoyed before the decree was entered. *Waldow v. Waldow,* 189 Or 600, 605, 221 P2d 576.

Prior to the enactment of ORS 1.055 in 1959, a long line of decisions held that trial courts could not set aside their decrees after the term of court had expired. *Freytag v. Vitas,* 213 Or 462, 471, 326 P2d 110; *Belcher v. Pentecostal Church et al.,* 216 Or 200, 338 P2d 100; *Zipper v. Zipper,* supra, and cases cited therein.

■ The statute now provides:

"*1.055 Term of court.* (1) A term of court is a period of time appointed for the convenient transaction of the business of the court. The existence or nonexistence of a term of court has no effect on the duties and powers of the court.

"(2) Notwithstanding that an act is authorized or required to be done before, during or after the expiration of a term of court, it may be done within a reasonable time."

Subsection (2) gives the court a reasonable time in which to set aside its decree notwithstanding the expiration of the term of court, provided the court could have done so upon the same facts within the term.

What is a reasonable time is ordinarily a matter within the discretion of the trial court. Whether or not there has been an abuse of discretion depends upon all of the facts of the case. In the case at bar, the motion for an order setting aside the decree was filed 27 days after the decree was entered and three days after the new term of court had commenced. We do not believe that the delay in filing the motion deprived the court of power to hear it. It remains to be seen whether it was a proper exercise of discretion in this case to dismiss the wife's suit.

In the case of *Waldow v. Waldow,* supra, decided prior to the enactment of ORS 1.055, a party sought to reopen a divorce on the basis of new evidence. The term of court having meanwhile expired, the effort failed for that reason. The affidavits in the *Waldow* case contained allegations of conduct which, if proven at the trial, might have influenced the trial court to reach a different result. The same may be said for the affidavits in the case at bar. We warned in the *Waldow* case that strong reasons of policy militate against reopening a case where there has been a lack of due diligence in producing all available evidence at the trial. In the analogous case of a motion for a new trial in an action at law under ORS 17.610 (4), diligence is mandatory. *Larson v. Heintz Construction Co.,* 219 Or 25, 70-71, 74-75, 345 P2d 835.

Nothing in the present record suggests that the husband exercised any diligence in preparing for

trial. The husband now says fraud was conclusively demonstrated by the alacrity with which the wife exercised her freedom when it was granted on April 8, 1960. The court evidently believed from the husband's affidavits that some kind of fraud had been practiced. We have found no authority to support such a proposition, nor are we persuaded that the reproductive behavior of either the male or the female immediately after a divorce proves anything. A mere inference that the wife might have been indiscreet pending litigation does not justify restoring her to the condition from which she was seeking freedom.

 Counsel have suggested that the wife's disdain for the statutory injunction against remarriage within six months (ORS 107.110) was a contempt of court which justified the trial court's action. The decree had followed the common practice of incorporating the remarriage provisions of ORS 107.110. The wife concededly flouted the decree as well as the statute when she celebrated a marriage three days after the decree was entered. However, we do not need to decide whether her conduct was a contempt of court as well as a violation of statute. No contempt proceedings are before the court. If the wife's conduct constituted contempt of court, the appropriate remedy is found in ORS 33.040. This statute was ignored. Further, the appropriate punishment upon a conviction of contempt is imprisonment, not involuntary coverture.

██ The husband urges that the trial court be affirmed upon the authority of two other statutes which will be noticed briefly. ORS 107.130 provides that a divorce court may modify its own decree at any time under appropriate proceedings in certain limited financial and custodial particulars. This statute, of

course, does not authorize the court to vacate a decree with the effect of restoring a marriage relationship once terminated by divorce.

ORS 18.160 gives the court discretionary power to relieve a party from a decree taken against him by mistake, inadvertence, surprise, or excusable neglect within one year. This statute has been liberally construed in default cases in order to give a party a day in court. See cases collected in *Day v. Day,* 226 Or 499, 359 P2d 538. The statute does not give the court the power to reverse itself at any time within a year merely because it suspects that it may have been imposed upon by a dissembling witness. ORS 18.160 is not a substitute for a specific attack upon a defective judgment or decree. The appropriate procedure for attacking a decree obtained by fraud is a suit in equity. ORS 16.460 (1).

The order of the court vacating the decree in the case at bar must be reversed and the decree reinstated without prejudice to the right of the defendant to proceed under ORS 16.460.

Reversed with directions to reinstate the decree.