Argued January 8, affirmed September 10, 1969

STATE ᴇx ʀᴇʟ SALEM PACIFIC CORPORA-
TION, *Respondent, v.* COMBO CONSTRUC-
TION COMPANY, INC., *Defendant,* and
FIREMAN'S FUND INSURANCE
COMPANY, *Appellant.*
458 P2d 410

*Donald H. Coulter*, Grants Pass, argued the cause and filed briefs for appellant.

*John A. Bryan*, Salem, argued the cause for respondent. With him on the brief were DeArmond, Sherman & Barber.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE, and LANGTRY,* Justices.

McALLISTER, J.

Defendant Fireman's Fund Insurance Company appeals from a judgment in favor of plaintiff Salem Pacific Corporation on a public works construction bond issued by Fireman's Fund.

The defendant Combo Construction Company, Inc., in July 1965 entered into a contract with the Oregon State Highway Commission to construct overnight camping facilities in Detroit Lake State Park in Marion County. The contracted work included the hauling and placing of stockpiled rock base materials for a price of $2.50 per yard. The contract included by reference the Commission's Standard Specifications for Highway Construction, 1964. Fireman's Fund, as surety, issued a performance bond conditioned on the performance of the contract and upon the "payment promptly, as due, to all subcontractors and to all persons supplying to the contractor or his subcontractors equipment, supplies, labor or materials for the prose-

---

* Langtry, J., did not participate in the decision of this case.

cution of the work, or any part thereof, provided for in said contract".

By a contract dated February 3, 1966, Combo subcontracted to Salem Pacific all of the rock hauling and placing required by the prime contract and agreed to pay therefor $2 per cubic yard. This case was tried to the court which found that plaintiff hauled 12,772.6 cubic yards of rock, that the reasonable value of the hauling was $25,545.20, of which $13,830.62 was unpaid, and entered judgment against both Combo and Fireman's Fund for said sum. Combo has not appealed and we will hereafter refer to Fireman's Fund as the defendant.

This is an action at law and the findings of the trial court have the same effect as a jury verdict and may be set aside only for the same reasons, ORS 17.435. Such findings can be set aside on appeal only if they are not supported by any substantial competent evidence, *State High. Com. et al v. Kendrick et al*, 227 Or 608, 613, 363 P2d 1078 (1961), and cases there cited.

■ The defendant's assignments of error are general in nature and do not conform to our Rule 19① or the usual practice in actions at law. However, we will consider that the brief raises the basic question of

---

① Supreme Court of Oregon, Rules of Procedure, Rule 19:

"Each assignment of error shall be clearly and succinctly stated under separate and appropriate headings. The assignments of error must be specific and must set out haec verba the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered.

"The arrangement and wording of assignments of error so far as applicable, together with reference to page of the transcript or narrative statement, shall conform to illustrations in Appendix B.

"Where several assignments of error present essentially the same legal question, they shall be combined so far as practicable."

whether the evidence required the trial court to find as a matter of law in favor of the defendant.

Defendant contends that it is not liable to Salem Pacific because plaintiff's subcontract with Combo was not approved by either the Commission or defendant and because Salem Pacific performed its subcontract after notice that the Commission had refused to consent thereto. Defendant relies on the following language of the Standard Specifications, which was a part of the prime contract, to wit:

> "No portion of the contract shall be sublet, subcontracted or performed by others than the contractor's own organization except with the written consent of the Highway Commission. Requests for permission to sublet or subcontract any portion of the contract or to have any of the work performed by others than his own organization shall be in writing and accompanied by the consent of the surety and by a showing that the organization which will perform the work is particularly experienced and equipped for such work."

It is undisputed that after plaintiff's subcontract with Combo had been signed plaintiff attempted to procure the consent of the Commission thereto, that the Commission refused to consent, that the surety was not asked to and did not consent to the subcontract, and that plaintiff nevertheless performed the subcontract. It is also undisputed that the performance of the prime contract by Combo was approved and accepted by the Commission and that the Commission paid Combo $2.50 per cubic yard for the hauling performed by Salem Pacific for $2 per yard.

■ We hold that the quoted provision of the Standard Specifications was for the benefit of the Commission and, in effect, was waived by the Commission

when it took no preventive or remedial action, but, on the contrary, approved, accepted and paid for the subcontracted work at the contract price.[2]

■ Defendant's brief argues, in essence, that plaintiff should be estopped from collecting on the bond because it proceeded with the work with knowledge that the Commission refused to consent to the performance of any of the work by plaintiff. However, defendant neither alleges nor proves how it was damaged when plaintiff performed the work at a price which permitted Combo, the principal on the bond, to make a profit of fifty cents per yard of all rock hauled by plaintiff. Since *Bross v. McNicholas*, 66 Or 42, 133 P 782 (1913), it has been the rule in Oregon that "a hired bonding company must show that its rights have been injuriously affected before it can defeat its contract of suretyship," *Neilson v. Title Guaranty & Surety Co.*, 81 Or 422, 427, 159 P 1151 (1916). See, also, *Fitzgerald v. Neal et al*, 113 Or 103, 113, 231 P 645 (1924); *Leiter v. Dwyer Plumbing Co.*, 66 Or 474, 482, 133 P 1180 (1913).

The judgment is affirmed.

---

[2] Dyer Bros. Golden West Iron Works v. Pederson, 112 Wash 390, 192 P 1002, 197 P 622 (1921); United States v. McCay, 28 S2d 777, 779 (D. Md. 1928).