Argued September 15, 1970, affirmed February 10, 1971

BLAKELY, *Respondent, v.* SCHULZ, *Appellant.*

480 P2d 428

*Vincent G. Robeson*, Lake Oswego, argued the cause for appellant. With him on the brief was Jack H. Cairns.

*Stuart W. Richardson*, Portland, argued the cause and filed a brief for respondent.

528

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, and HOWELL, Justices.

McALLISTER, J.

This is an action on a $10,000 note payable to the Bank of California and signed by Jack Burden and the defendant Fred M. Schulz, which had been endorsed by the plaintiff, G. Martin Blakely. Schulz and Burden failed to pay the note when due and Blakely, as endorser, paid the note and brought this action against Schulz. After a trial by the court plaintiff had judgment for $10,000 plus interest and attorney's fee. Schulz appeals.

■ Schulz' answer, in addition to a general denial, alleged fifteen affirmative legal defenses and three equitable defenses, designated as causes of suit. The court first tried the equitable defenses and entered a decree dismissing the alleged causes of suit and ordering the case returned to the law side of the court.[1] Since no appeal was taken from that decree we are not concerned in any way with the alleged equitable defenses. *Pacific General Contractors v. Slate Const. Co.*, 196 Or 608, 251 P2d 454 (1952); *Gel-*

---

[1] This procedure is prescribed by ORS 16.460 (2) reading, in part, as follows:

"* * * When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed, until the determination of the issues thus raised, as a suit in equity by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the final decree; or such equitable relief as is proper may be given to either party. * * *"

Although the statute does not direct that a decree be entered at the conclusion of the equitable proceedings, it assumes that there will be a decree. This decree is final and appealable before the determination of any remaining legal issues. Belcher v. Pentecostal Church et al, 216 Or 200, 202, 338 P2d 100 (1959); Simmons v. Washington Fid. Nat. Ins. Co., 136 Or 400, 401, 299 P 294 (1931).

*lert v. Bank of California,* 107 Or 162, 214 P 377 (1923).

The following facts appear from the detailed findings made by the court. Jack Burden and Fred Schulz were stockholders, officers, and directors of Market Engineers, Inc., a corporation engaged in selling refrigeration equipment. Burden was president and Schulz was vice president. The corporation was in financial difficulty and was being pressed by a creditor for an immediate cash payment. On October 21, 1963, Burden and Schulz, as individuals, signed a $10,000 note payable to the Bank of California and the plaintiff Blakely signed the note as an accommodation endorser to both Schulz and Burden. The bank, pursuant to written instructions signed by Burden and Schulz, deposited the $10,000 in the account of Market Engineers, Inc. When Burden and Schulz defaulted, Blakely paid the bank and the note was assigned to him.

■ The trial court found against defendant on all his legal defenses. Those findings are supported by the evidence and are, therefore, binding on us.[2] Under those circumstances the judgment must be affirmed and we need not extend this opinion by discussing the defenses urged by defendant in the trial court. We will, however, comment on a defense raised for the first time in this court.

On the face of the note, Schulz and Jack Burden appear as co-makers. Schulz testified at trial that he signed the note in his capacity as a corporate officer, relying on the assurances of Burden, his co-maker, that the note would be changed to a corporate

---

[2] State ex rel Salem Pac. v. Combo Constr., 254 Or 89, 458 P2d 410 (1969).

form before delivery. The trial court found against him on the facts, holding that he signed the note in his individual capacity.

One of Schulz' affirmative defenses was that plaintiff, the holder of the note, "did release, agreed not to sue, suspended the right to enforce, or otherwise discharged Jack D. Burden without reservation of rights." The pleading does not disclose upon what theory he claims to be entitled to this defense.

In this court, for the first time, defendant asserts in his brief that he was an accommodation maker. As an accommodation maker, he argues, he was discharged from liability on the note because there was proof that plaintiff took additional security in the form of a note and real estate mortgage from Burden, and then extended the time for Burden to pay that note and later satisfied the mortgage.

■ Schulz did not attempt to prove at trial that he signed the note as an accommodation to Burden. Such a position would have been factually inconsistent with his trial testimony.[9] The defenses which Schulz claims as an accommodation maker are provided for in ORS 73.6060. His brief assumes that in order to be entitled to them, he must establish that he was an accommodation party. There is, however, no evidence to support his claim to accommodation status.

The trial court found, in effect, that Burden and Schulz were joint makers of the $10,000 note.

---

[9] Defendant's brief appears to include the additional claim that Schulz signed the note to accommodate the corporation. ORS 73.4150, which defines an accommodation party, requires that he sign the instrument "for the purpose of lending his name to another party to it." Market Engineers, Inc., was not a party to the note.

Whether Schulz, as such joint maker, had a right of recourse against Burden which entitled him as against Blakely to any of the suretyship defenses granted by ORS 73.6060 has not been suggested in defendant's brief and need not be considered.

The judgment of the trial court is affirmed.