Argued May 5, affirmed November 24, 1971

COLDIRON, *Respondent, v.* McKENZIE, *Appellant.*

490 P2d 976

*Rolf T. Olson,* Salem, argued the cause for appellant. With him on the brief were Starkweather and Higashi, Gold Beach, and Tallant Greenough, Coquille.

*James B. Bedingfield, Jr.,* Coos Bay, argued the cause for respondent. With him on the brief were Bedingfield and Bedingfield, Coos Bay.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

O'CONNELL, C. J.

This is an action on a promissory note executed by defendant. Defendant appeals from a judgment for plaintiff. Plaintiff and defendant entered into a partnership for the purpose of mining gold. The venture failed. Defendant contends that the note in this action was a part of a series of transactions relating to the adjustment of the respective interests of plaintiff and defendant in the defunct partnership after the mining venture had failed.

In response to plaintiff's complaint, defendant's answer admits the execution of the note, but interposes four affirmative defenses: (1) that there was no consideration for the execution of the note; (2) that if there was consideration for the execution of the note, there was a failure of such consideration; (3) that defendant had been induced to sign the note as a result of plaintiffs' false representation, and (4) that because of such false representation plaintiff is estopped to bring an action on the note and "that said note is a part of the entire partnership affairs and accounts and represents dealings between the partners on partnership accounts and affairs and is not a transaction separate or severable from the partnership and

that defendant is entitled to a complete accounting of all partnership affairs."

The fourth affirmative defense was heard by the court sitting in equity pursuant to ORS 16.460 (2). The court found that the note in question had no connection with the mining venture and entered conclusions of law to that effect, together with the conclusion that defendant was not entitled to a partnership accounting and that plaintiff was not estopped to proceed with his action at law. The court entered a decree on July 8, 1969 embodying these findings and conclusions. No appeal was taken from this decree.

On January 15, 1970 the action on the note came on for trial. Defendant again attempted to show that the execution of the note was connected with the adjustment of the interests of the parties in the assets of the partnership after the mining venture had failed. The trial court ruled that evidence purporting to show such a connection would not be received since the question had been resolved in the equitable proceeding. Defendant conceded that if he could not show the connection he would have no defense to the action on the note. Therefore, defendant rested whereupon the court granted plaintiff's motion for a directed verdict, and judgment was entered on January 19, 1970.

Defendant states in his brief that he appeals from the decree entered on July 9, 1969 and from the judgment entered on January 19, 1970. In his notice of appeal, however, defendant appeals only from the judgment and makes no mention of the decree.

■ Where the parties proceed under ORS 16.460(2) in the trial of the equitable and legal issues in a case, we have held that "a party, to secure a review of the decree, must appeal from it, and to secure a review

of the judgment must likewise appeal from it; for an appeal from one will not operate as an appeal from the other, and an appeal from the judgment will not permit a review of the decree."[1]

If we were to follow the foregoing rule in the present case, we would not review the record made in the equitable proceeding. However, upon a re-examination of the rule, we are convinced that it should be abrogated.

Prior to the enactment of ORS 16.460 (2) equitable issues and law issues were tried in separate proceedings, the distinction between actions at law and suits in equity being "rigidly preserved."[2] This preservation of the law-equity distinction was not required by any legislative mandate but was instead the product of the court's own insistence upon perpetuating an anachronistic system.

The enactment of ORS 16.460 (2) represented a legislative effort to simplify the procedure in law-equity cases by combining two separate proceedings into one. Although ORS 16.460 (2) refers to the conclusion of the equitable proceeding in terms of a "final decree," there is nothing in the statute to indicate that the term was used in relation to the require-

---

[1] Blakely v. Schulz, 257 Or 527, 480 P2d 428, 429 (1971); Ins. Co. of N. America v. Brehm, 257 Or 385, 478 P2d 387, 388 (1971); Belcher v. Pentecostal Church et al, 216 Or 200, 202, 338 P2d 100 (1959); Pac. Gen. Contr's. v. Slate Const. Co., 196 Or 608, 616-617, 251 P2d 454 (1952); Simmons v. Washington Fid. Nat. Ins. Co., 136 Or 400, 402, 299 P 294 (1931); Obermeier v. Mortgage Co. Holland-America, 123 Or 469, 477, 259 P 1064, 260 P 1099 (1927), rehearing denied 262 P 261 (1928); Gellert v. Bank of California Nat. Assn., 107 Or 162, 187, 214 P 377 (1923).

[2] Gellert v. Bank of California Nat. Ass., *supra* 107 Or at 183.

ments for taking an appeal. There being no legislative command that we observe the distinction between law and equity, we are free to merge the two branches of jurisprudence to the extent that we deem it appropriate in the administration of justice. And so we are free to look upon the proceedings in the present case, not as two distinct actions, one in equity and one at law, but as a single integral proceeding with separate issues, the proceeding not having finality until all the issues, both equitable and legal are resolved.

Under our prior practice, now discarded, to assert error committed at the equitable stage of the proceeding a party was required to appeal before all the issues had been resolved, a practice which violated the policy against piece-meal appeals and was inconsistent with the position we have taken in other types of cases.[9] We hold, therefore, that defendant's failure to appeal from the decree of July 9, 1969 does not preclude him from a de novo review of the proceedings culminating in that decree.

■ We have examined the record to determine

---

[9] See, e.g., Ter Har v. Backus, 259 Or 478, 473 P2d 143 (1970) (order quashing service of summons); Dlouhy v. Simpson Timber Co., 247 Or 571, 431 P2d 846 (1967) (order dismissing action against one of several defendants); State ex rel Maizels v. Juba, 254 Or 323, 460 P2d 850 (1969) (mandamus, being in nature of interlocutory appeal, will not lie to compel court to quash search warrant and return items seized thereunder); Martin v. City of Ashland et al, 233 Or 512, 378 P2d 711 (1963) (judgment in favor of some but not all defendants); McEwen et ux v. McEwen et al, 203 Or 460, 470, 280 P2d 402 (1955) (decree directing an accounting); Sandblast v. Oregon Liq. Cont. Com., 177 Or 213, 161 P2d 919 (1945) and cases cited at page 216 (order sustaining demurrer). The reasons underlying the general rule are discussed in Dlouhy v. Simpson Timber Co., *supra*. Proceedings in the nature of interlocutory appeals are allowed only when special circumstances or considerations exist. See, e.g., State ex rel Knapp v. Sloper, 90 Or Adv Sh 2051, — Or —, 473 P2d 140 (1970).

whether the note sued upon was related to the mining venture as defendant contends. Some of the evidence tended to support plaintiff's version of the transaction, whereas other evidence tended to support defendant's version. Defendant had the burden of proof to establish his defense. With the evidence in equipoise, the credibility of the witnesses would be an important factor in resolving the question. The trial judge was in a position to make this appraisal and although this is an equity matter, we defer to the trial judge's judgment in appraising the credibility of the witnesses.

We find, as did the trial court, that the note had no connection with the mining venture. Since the defendant conceded that if he could not show such connection he had no defense, the judgment and decree must be affirmed.

BRYSON, J., dissenting.

The majority opinion would not require a party that interposes both an equitable and a law defense to appeal from the final decree of the court in the equity proceeding. ORS 16.460 (2) was last amended in 1917.

In the case at bar, the defendant did not appeal from the decree of July 8, 1969, ordering that the defense be dismissed. The action at law on the disputed note came on for trial on July 15, 1970, and the defendant again attempted to pursue his equitable defense in the law action, and a verdict for plaintiff was directed by the court, and judgment on the law action was entered on July 19, 1970.

Defendant purported to appeal from both the judgment of January 19, 1970, and the findings and decree entered in the trial of the equitable defense on

July 8, 1969. Defendant's notice of appeal read as follows:

"* * * * *.

"Notice is hereby given * * * that defendant, Ted McKenzie, does hereby appeal from the judgment in the above entitled action, dated January 19, 1970, and entered of record on January 21, 1970, in Court Book of Records Volume 6, page 92."

In *Pac. Gen. Contrs. v. Slate Const. Co.,* 196 Or 608, 618, 251 P2d 454 (1952), Justice LUSK writing, it is stated:

"* * * Even though the circuit court had entered a decree dismissing the equitable defense this court would not have reviewed such decree in the absence of an appeal from it. This is the law as established in the carefully considered opinion of Mr. Justice Harris in *Gellert v. Bank of California, National Association,* 107 Or 162, 214 P 377. It was there said, after a full review of the points of difference, as well as of likeness, between the practice before 1917, when the amendment was adopted which permits equitable defenses to actions at law (now § 9-102 OCLA), and the practice under the new procedure:

"'Now, as before the amendment of 1917, a party to secure a review of the decree, must appeal from it, and to secure a review of the judgment must likewise appeal from it; for an appeal from one will not operate as an appeal from the other, and an appeal from the judgment will not permit a review of the decree.'"

*See also Belcher v. Pentecostal Church et al,* 216 Or 200, 202, 338 P2d 100 (1959); *Obermeier v. Mortgage Co. Holland-America,* 123 Or 469, 259 P 1064 (1927); *Gellert v. Bank of California Nat. Assn.,* 107 Or 162, 187, 214 P 377 (1923); *Blakely v. Schulz,* 257 Or 527, 480 P2d 428 (1971); *Ins. Co. of N. America v. Brehm,* 257 Or 385, 478 P2d 387, 388 (1971).

Under the majority opinion a defendant interposing both an equitable and a law defense could either appeal from the final decree of the court in equity or wait and appeal from both the decree and judgment after judgment in the law action. In Oregon, it has *always* been the practice, if error is contended, to appeal from a final decree of the trial court that disposes of an equitable defense to a law action. I see no reason to change that practice.

For the above reasons, I would dissent.

HOWELL, J., joins in this dissent.