Argued June 20, affirmed July 16, petition for rehearing
denied August 23, 1973

HANDY, *Respondent, v.* HANDY (No. 70-1289-E),
*Appellant.*

511 P2d 1277

*Donald M. Pinnock,* Ashland, argued the cause for appellant. With him on the briefs were Davis, Ainsworth & Pinnock, Ashland.

*Manville M. Heisel,* Medford, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Defendant-husband filed a motion for modification of a divorce decree 21 months after its entry and on this appeal claims abuse of discretion by the trial court in denying his motion.

Five years after their marriage husband conveyed to wife "for the consideration of love and affection" an undivided one-half interest in 160 acres of unimproved real property in Jackson county, which he had owned prior to the marriage. In a subsequent divorce five years later both parties forgot about this 160 acres and no mention was made of it in the divorce decree. Thereafter, plaintiff-wife commenced a partition proceeding. Defendant-husband then filed a motion asking the court to vacate the divorce decree and award all interest in the real property to him. The court declined to modify or set aside the decree because application to do so had not been made within a reasonable time. Defendant-husband urges this to be an abuse of the trial court's discretion. We affirm the trial court.

What is a reasonable time is ordinarily a matter within the discretion of the trial court. *Miller v. Miller*, 228 Or 301, 365 P2d 86 (1961). In this case the trial court found the defendant-husband failed to act within a reasonable time. We concur and are unable to glean from the record any equities which would favor allowance of the motion to vacate the decree. We therefore find no abuse of the trial court's discretion in denying the motion.

Affirmed.