In the Matter of the Marriage of
HOLEMAR, *Respondent,*
*and*
HOLEMAR et al, *Appellants.*
(No. 75-3276, CA 6235)
557 P2d 38

*Jeffrey Lake,* Eugene, argued the cause for appellants. With him on the brief was Flinn, Lake & Brown, Eugene.

*Dennis W. Percell,* Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, Eugene.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

The respondent prayed for dissolution of marriage. The appellant cross-petitioned for annulment alleging voidness of the marriage due to fraud. The trial court granted the dissolution. The appellant asks that we void the marriage and set aside the provisions of the decree for child and spousal support and for attorney fees. The testimony was extensive, but a summary will be sufficient on appeal.

The appellant, 62, a native of Czechoslovakia, advertised there for a bride and the respondent, a 31-year-old Czechoslovakian ophthalmologist, replied. A long-distance courtship followed. They visited in eastern Europe five times. They were intimate on at least one such visit in Bulgaria, and the respondent became pregnant. In May 1974, there was a proxy marriage in Prague and thereafter a son was born to her.

In December 1974, after overcoming governmental resistance, respondent joined appellant in America. The marriage was unsuccessful. Each claims to have acted in good faith as a spouse to the other, but that the conduct of the other was intolerable. After 45 days together, they separated.

First, appellant asserts that the marriage should have been annulled rather than dissolved. He argues that we should infer from his evidence that respondent never intended to enter into a bona fide marriage, but, rather, went through the courtship, pregnancy and proxy marriage with the sole purpose of improving her life by immigration to this country. Appellant has made out a prima facie showing of fraud and respondent provided contrary proof. The trial court found that appellant had not carried his burden to prove fraud in the inducement of the marriage. The parties advance extensive arguments and authorities regarding the law of fraud and annulment, however, the trial court's finding is essentially an assessment of credibility of the witnesses. Although we review de novo, we see no

[ 615 ]

reason on review to disturb that assessment. Therefore, the finding that the marriage was valid and the order of dissolution are affirmed.

■ The decree orders appellant to pay $250 per month spousal support to respondent for three years. Appellant can afford to make such payments and respondent can use the additional income. At the time of the hearing, respondent had just begun working as an assistant to an ophthalmologist and anticipated earning a starting gross salary of $550 per month. Respondent wishes to have four years of training necessary to become certified as a physician. Appellant argues that he is not obliged to support respondent and to contribute to her professional training after only a 45-day life together. Because respondent is able to support herself and has the potential to do so more adequately in the future, and because the duration of the marriage was so short, we do not believe that it is fair to require appellant to provide spousal support. Therefore, applying the criteria of ORS 107.105(1)(c), that provision of the decree is set aside.

■ Appellant also urges that we reduce the child support order from $200 to $100 per month. He offers no persuasive reason to do so, we find none, and the child support order is affirmed.

Next, appellant urges that we modify the award of attorney fees to respondent in the trial court. That award is in two parts: $7,000 for trial court representation, and $2,800 for representation in respondent's imigration proceedings.

■ The award of attorney fees for trial court representation was pursuant to a stipulation that the court could do so based on a showing by counsel. Respondent's counsel submitted by affidavit an accounting of time, costs and billing, rates which would justify an award of over $7,000. Appellant objected because of duplication of effort among members of the law firm representing respondent. The trial court is in the best position to assess the reasonableness of the profes-

sional efforts expended in respondent's behalf. There is no claim that the trial court disregarded the factors to be considered in fixing attorney fees and we find no abuse of discretion. *Cf. Colbath and Colbath,* 15 Or App 568, 571-73, 516 P2d 763 (1973). Therefore we decline to modify the award.

■ The $2,800 obligation for attorney fees for representation in immigration proceedings is subject to different considerations. It is a debt incurred by respondent after the separation and before the decree for her sole benefit. Her attorney anticipates that an additional $1,000 will be necessary. Respondent asserts that the costs arise because appellant refuses to sign a form under oath acknowledging that the marriage has been consummated, but appellant could not be expected to do so because he testified at trial that the marriage had not in fact been consummated. In any event, we see no reason that appellant should bear the expenses incurred by respondent in attempting to remain in this country. That portion of the order is set aside.

Finally, appellant contends that it was improper for the trial court to impose a constructive trust for the respondent's benefit on property which appellant had previously conveyed to his daughter. The trial court ordered that such property be held for the purpose of satisfying the obligations imposed by the decree "unless some other arrangement satisfactory to the petitioner [respondent] and the court is arranged and entered by stipulation on the record."

■ A court sitting in a marriage dissolution proceeding has full equity powers. ORS 107.405. When necessary to an effective adjudication, a third party, such as appellant's daughter in this case, may be joined. *Brust v. Brust,* 181 Or 307, 181 P2d 632 (1947), and a party's assets may be encumbered in order to insure compliance with the terms of the dissolution decree. *See, Hayter v. Hayter,* 15 Or App 90, 514 P2d 1350 (1973).

■ In this case, the evidence disclosed and the trial court concluded that appellant's sole motivation in transferring the property was to avoid a claim against it by the respondent. There were also indications that appellant intended to leave the country and not return. Under these circumstances it was appropriate that steps be taken to insure compliance with the decree's support provisions. We therefore affirm that portion of the decree imposing the constructive trust, recognizing that appellant may petition the circuit court to modify it in light of his modified obligation or his changing business situation.

Affirmed as modified. Costs to neither party.