Argued March 23, affirmed July 5, reconsideration denied August 30, petition for review denied September 26, 1978

In the Matter of the Marriage of
HOLEMAR, *Respondent,*
*and*
HOLEMAR, *Appellant.*
(No. 75-3276, CA 8928)

580 P2d 1058

Charles O. Porter, Eugene, argued the cause and filed the briefs for appellant.

Stephen J. R. Shepard, Lane County Legal Aid, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph and Roberts, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

Husband appeals an order denying his motion to vacate a decree of dissolution. The motion was based on alleged fraud by the wife in obtaining the decree and on newly discovered evidence. In the original dissolution proceedings, husband had sought to have the marriage annulled on the ground the wife never intended to enter into a valid marriage. He also denied paternity of the child born to wife.

The court rejected husband's contention that the marriage was induced by fraud and ruled husband was the father of the child. A decree of dissolution was granted awarding custody of the child to the wife and ordered the husband to pay child support and spousal support. Husband appealed the decree contending the marriage should have been annulled. He did not appeal the determination of paternity. We modified the decree but affirmed the trial court's findings that there was a valid marriage. *Holemar and Holemar,* 27 Or App 613, 557 P2d 38 (1976). The facts leading up to the marriage and the decree of dissolution are set forth in our opinion in the first appeal and we will not reiterate them here.

Subsequent to the entry of the modified decree, husband discovered 20 letters which had been written by wife to her paramour in Czechoslovakia. The letters were written in the wife's native language and translations were provided to the court. These 20 letters, which can be described in popular vernacular as torrid love letters, are the basis of the husband's motion to vacate the decree. In essence, husband contends the letters show the wife committed perjury during the marriage dissolution trial and perpetrated fraud in inducing husband to marry her. He argues wife sought the marriage only to gain United States citizenship and as a basis of immigration to America. In his reply brief husband urges the additional contention the wife

committed fraud on the court by concealing the existence of the letters thereby preventing full investigation and by seeking to induce her lover to give a false story if the need arose.

■ The first issue to determine is the scope of review, particularly, whether we review de novo or for abuse of discretion. There is no specific statutory authority to grant a new trial in equity on the basis of newly discovered evidence. ORS 17.610 gives such authority only in actions at law. The Supreme Court has recognized that a court of equity may, however, set aside a decree in an appropriate case. *Miller v. Miller,* 228 Or 301, 365 P2d 86 (1961); *Zipper v. Zipper,* 192 Or 568, 235 P2d 866 (1951); *Harris v. Harris,* 192 Or 361, 232 P2d 818 (1951); *Waldow v. Waldow,* 189 Or 600, 221 P2d 576 (1950).

■ The Supreme Court, in *Miller v. Miller, supra,* a case procedurally similar to the case here at issue, reviewed the actions of the trial judge for abuse of discretion. In that case the husband moved to vacate a decree of divorce on the ground the wife had engaged in fraudulent conduct in procuring the decree. The court noted that the former ORS 107.130[1] allows a decree to be set aside under certain limited circumstances relating to financial and custody matters. It does not, the court held, authorize a court to vacate a decree for fraud. The court also stated that ORS 18.160, which gives a court power to set aside a decree for mistake, inadvertence, surprise or excusable neglect, does not authorize a court to reverse itself because the decree was entered as a result of fraud. The proper procedure, the court said, for attacking a decree obtained by fraud, is an original proceeding in equity pursuant to ORS 16.460(1). The court, however, held the order granting the motion to vacate the decree was an abuse of discretion and reversed. The implication from *Miller v. Miller, supra,* is that the trial court may

---

[1] ORS 107.130 was repealed and essentially the same language enacted in ORS 107.135.

entertain a motion to set aside a decree and on appeal our scope of review is limited to determining if there was an abuse of discretion in granting or denying the motion.

The same judge who heard the dissolution proceedings also ruled on the motion to vacate the decree. The order denying the motion stated in part:

"* * * the Court having prior to the decree expressed its thoughts as to the credibility of both the petitioner [wife] and the respondent, and being of the opinion that the additional evidence in the form of admissions of the petitioner and certain letters would not cause the Court to change any provisions of the decree, and in particular would not be of a quality to overcome the presumption of legitimacy * * *."

The evidence presented during the hearing on the motion to vacate the decree attacked the credibility of the wife's previous testimony given in the dissolution trial. The court concluded its view respecting the credibility of both parties had not changed.

The allegations that wife perpetrated a fraud on the court by concealing the existence of the letters and attempting to induce her lover to give false testimony are not sufficient to overturn the decree. Assuming husband has established his allegations that wife concealed the letters, these letters are now available and were determined by the trial court to be insufficient as a basis of vacating the decree. It follows, had they been available at the time of trial, they very likely would not have altered the outcome of the trial as reflected in the decree.

Since the wife's paramour was not produced as a witness her suggestion to him in the letters that he should give a false story could not have affected the decree.

We conclude there was no abuse of discretion in denying the motion to vacate the decree.

Affirmed. No costs to either party.