Argued September 18, affirmed as modified November 7, 1969

HAYTER, *Appellant, v.* HAYTER,
*Respondent.*

460 P. 2d 366

*Robert Mix,* Corvallis, argued the cause and filed the briefs for appellant.

*Elliott B. Cummins,* McMinnville, argued the cause and filed the brief for respondent.

BRANCHFIELD, J.

This is an appeal from an order modifying a divorce decree. Plaintiff remarried in May of 1967. In October 1967 the defendant filed a motion asking that the decree be modified by eliminating the property settlement requirement that defendant make the mortgage and insurance payments on the home of the plaintiff, or in the alternative, by reducing the child support payments required by the decree from $200 per month to $70 per month.

The decree was granted to the plaintiff on February 14, 1966 in Polk County. The plaintiff was declared to be the sole owner of the residence of the parties. She. was awarded the care and custody of the daughter, who was then 13 years of age, and provisions were made for the support and maintenance of the plaintiff and the daughter. The language of the decree awarding support followed the language of a property settlement agreement executed by the parties under date of August 30, 1965. The agreement required the defendant to indemnify and save the plaintiff forever harmless with respect to the existing mortgage upon the residence. The decree affirmed, ratified and approved the property settlement agreement.

The court's order was entered June 24, 1968. Plaintiff appealed from the portions of the order continuing for one year the defendant's motion to reduce child support payments and permitting the mortgage payments, which were at that time $131 per month, to be credited against the child support.

■ The motion for reduction in support is not properly before us since the trial court did not rule on it, and we express no opinion as to the merits of the request. It is the duty of the trial court to rule on the motion. If the evidence is presently insufficient to permit a decision, the trial court can order a further hearing.

■ In allowing mortgage payments to be applied against the child support, the trial judge indirectly allowed that which he could not do directly. The court had no authority in the proceedings then pending to modify the property settlement agreement in such manner as to interfere with existing property rights of the parties.

> "* * * The obligation of contracts must be respected and their terms enforced. Courts do not ordinarily remake the agreements of private parties * * *." *Prime v. Prime,* 172 Or 34, 40-1, 139 P2d 550 (1943).

The trial court properly ruled that he could not disturb the property settlement agreement. But in permitting the required mortgage payments to do double duty as support payments, he in fact interfered with the agreement.

The order of June 18, 1968 is modified by deleting therefrom paragraph 4, which provided for mortgage payments to be credited to the $200 monthly support payments required by the decree.

The order is affirmed as modified. Costs to neither party.