Argued October 5, affirmed October 22, 1973

HAYTER, *Appellant, v.* HAYTER, *Respondent.*

514 P2d 1350

*Robert Mix,* Corvallis, argued the cause and filed the briefs for appellant.

*Donald C. Walker,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

This is an appeal from a modification of a divorce decree. The decree and incorporated property settlement agreement, entered in February 1966, required defendant husband to pay support and maintenance in the sum of $200 per month for their child until the child graduated from college or married or became otherwise emancipated, and the sum of $400 per month for the wife unless and until she remarried. Another provision gave to the plaintiff certain rights in four insurance policies on defendant's life in the face amount of $41,000.

The lower court modified the decree by elimination of the support and maintenance provisions because the wife had remarried and the child had become emancipated, and by fully restoring the four insurance policies to defendant.[1] Plaintiff appeals.

Plaintiff contends that the insurance policy provision was in the nature of property division and therefore the court was without power to modify it. *See Hayter v. Hayter,* 1 Or App 199, 460 P2d 366 (1969). Defendant contends that the plaintiff's interest

---

[1] Plaintiff complains that the procedure was by way of an order to show cause. The substance of the proceedings was identical to a motion and order for modification of decree and will be treated as such.

in the insurance policies was in the nature of a pledge to secure the payment of support and maintenance, an obligation which is now terminated, and that the modification terminating the pledge was authorized under the court's continuing support jurisdiction. ORS 107.135.

An examination of the relevant portions of the decree and property settlement agreement discloses that plaintiff's right to the policies was limited to a surety interest designed to assure payment of support and maintenance.

Paragraph 3 of the property settlement agreement awards all policies of insurance, including those in dispute, to the defendant:

> "The husband shall have as his sole and separate property, free from any estate, right, title or interest to the wife therein, the following described personal property, to-wit:
>
> "* * * * * *
>
> "(e) All policies of insurance upon his life and all incidents of ownership therein, including the right to change the beneficiaries thereof from time to time without the consent of the wife; subject, however, to the provisions of paragraphs 7 and 9."

Paragraph 7, which awards certain rights in the policies to the plaintiff, sets out clearly the purpose for which the award was made:

> "In order to further insure the proper support of the wife and the nurture and education of the child of the parties in the event of his death, the husband shall pay all future premiums falling due upon the following policies of life insurance [there follows a list of seven policies]. * * * As to the last three policies above-listed, the husband agrees forthwith to transfer all incidents of ownership to

the wife. The husband further agrees to issue to the insurance companies involved and keep in force instructions to notify the wife promptly of any delinquency in the payment of premiums as to each of the policies referred to in this paragraph."

■ Since the husband was awarded all of the policies as his "sole and separate property" but the wife was awarded only "all incidents of ownership" of three of them "[i]n order to further insure the proper support of the wife and the nurture and education of the child of the parties in the event of his death," it appears that the wife was given basically a security interest designed to assure the husband's performance of his obligations under the support and maintenance provisions.

■■ Since the circuit court has a continuing authority to modify support and maintenance provisions based upon change of circumstance, and because the obligation for providing support and maintenance has now terminated, the circuit court properly modified the decree so as to unencumber the husband's ownership of the insurance policies on his life.

The order modifying the decree is affirmed. Costs to neither party.